## Mobile & Ohio Railroad Company v. Mathis, et al.

(Decided May 4, 1920.)

### Appeal from Carlisle Circuit Court.

Railroads—Fires—Accumulation of Combustible Material—Trial—Instructions.—In an action against a railroad for the destruction of property by fire, an instruction telling the jury that it was the duty of the defendant to keep its right-of-way clear from weeds, high grass and decayed timber which, from their nature and condition, were combustible material, liable to take and communicate fire from passing trains to abutting or adjacent property, and that if they believed from the evidence that the defendant negligently failed to do this, and by reason thereof the fire started on its right-of-way and spread to the abutting or adjacent property and destroyed the property of plaintiff, they should find for plaintiff, was erroneous in not requiring the jury also to believe that the combustible material was set on fire by a passing train.

CARL FOX, E. T. BULLOCK and JOHN E. KANE for appellant.

W. J. WEBB and J. F. NICHOLS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

J. A. Mathis and the Continental Insurance Company brought suit against the Mobile & Ohio Railroad Company to recover damages for the destruction by fire of a barn and contents owned by Mathis. At the time of the fire the barn was insured in the Continental Insurance Company, which paid to Mathis the sum of $1,106.65, and the insurance company sought a recovery to that extent on the ground that it had been subrogated to the rights of Mathis. The jury returned a verdict in favor of plaintiffs for the sum of $2,000.00. The railroad company appeals.

The recovery was predicated on a violation of section 790, Kentucky Statutes, which is as follows: "Every company shall keep its right of way clear and free from weeds, high grass and decayed timber, which from their nature and condition, are combustible material, liable to take and communicate fire from passing trains to abutting or adjacent property."

We deem it unnecessary to set out the evidence. In our opinion it was sufficient to take the case to the jury and to sustain the verdict.

A more serious question arises with respect to instruction No. 1, which is as follows:

"The court instructs the jury that it was the duty of the defendant, Mobile & Ohio Railroad Company, to keep its right of way clear from weeds, high grass and decayed timber, which, from their nature and condition, are combustible material, and liable to take and communicate fire from passing trains to abutting or adjacent property, and if you believe from the evidence that the defendant negligently failed to do this and by reason thereof a fire started on its right of way and spread to the adjacent or abutting property and destroyed the property of the plaintiff Mathis, the jury will find for the plaintiffs the damages thereby sustained and unless the jury so believe they will find for the defendant."

Under this instruction the company was liable if it failed to comply with its duty to keep its right of way clear from weeds, high grass and decayed timber, which, from their nature and condition, are combustible material and liable to take and communicate fire from passing trains to abutting or adjacent property, "and by

reason thereof a fire started on its right of way and spread to the adjacent or abutting property and destroyed the property of the plaintiff, Mathis." In other words, the liability of the defendant was made to depend not on whether the combustible material was set on fire by a passing train, but on the mere presence of the combustible material, if the fire started on the right of way. The necessary effect of the instruction was to make the company liable if the fire started on its right of way from the presence of combustible material, even though it may have been started by a tramp or some third party. In our opinion the statute is not susceptible of such a construction. The prohibition of the statute is not directed against weeds, high grass and decayed timber in general, but only against such as "from their nature and condition are combustible material, liable to take and communicate fire from passing trains to abutting or adjacent property." The purpose of the statute was to prevent fires by passing trains. An examination of the numerous cases on the subject will show that in every one the court was careful to point out that if a railroad company permitted combustible material to accumulate on its right of way, it would be liable for the consequences of a fire therefrom, notwithstanding the fact that the engine was equipped with proper spark arresters, if it appeared that the material was set on fire by a passing train. L. & N. R. Co. v. Beeler, 126 Ky. 328, 103 S. W. 300, 128 A. S. R. 291, 15 Ann. Cas. 1913, 11 L. R. A. (N. S.) 930; C. & O. R. Co. v. Hopkins, 145 Ky. 689, 141 S. W. 45; Ohio & Ky. Ry. Co. v. Whitt, 180 Ky. 421, 202 S. W. 900; Terhune v. L. & N. R. Co., 184 Ky. 670, 212 S. W. 915. We therefore conclude that the instruction was erroneous in not requiring the jury to believe that the combustible material was set on fire by a passing train.

Judgment reversed and cause remanded for proceedings consistent with this opinion.