## Byers' Administrator v. Hines, Director General of Railroads.

(Decided March 24, 1922.)

### Appeal from Henry Circuit Court.

1. Railroads—Fires.—In an action for damages for the destruction of a house alleged to have been caused by the emission of sparks from a railroad engine, the evidence being circumstantial, it was for the jury to determine whether the fire was occasioned by the negligence of the railroad and its finding will not be disturbed unless palpably against the evidence.

2. Trial—Argument of Counsel—New Trial.—One should not remain silent until after a trial has closed and a verdict rendered against him and then for the first time in his motion and grounds for a new trial offer objection to argument of counsel.

GORDON & LAURENT, TURNER & TURNER and F. M. DRAKE for appellant.

B. D. WARFIELD and W. B. MOODY for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The residence of G. W. Byers, now deceased, of Pleasureville, was destroyed by fire in May, 1918, and he commenced this action in the Henry circuit court against the Director General of Railroads, then operating the L. & N. railroad, to recover damages for the loss, on the averment that the house, which stood within seventy-five feet of the railroad tracks, was ignited by live sparks or coals emitted from an engine under the control of the Director General operating to and fro on the tracks in front of the Byers residence. The Director General ans-

wered and denied his liability and specifically traversed the averment that the house of Byers was ignited by live coals or sparks of fire from an engine operating upon the tracks of the railroad. The trial resulted in a verdict for the defendant, Director General of Railroads, and the administrator of Byers, in whose name the action was revived, prosecutes this appeal.

For a reversal of the judgment the administrator of Byers relies upon three grounds: (1) that the verdict was flagrantly against the evidence; (2) misconduct of counsel for the Director General; (3) failure of the trial court to admit certain portions of the shop book of appellees in evidence for appellant; and refusal to admit evidence as to negligent operation of defendant's locomotive.

I. While there is abundant evidence for the plaintiff to carry the case to the jury we do not think the verdict is flagrantly against the evidence. There was no direct and positive evidence for the plaintiff showing that a live coal or spark of fire from the engine of the railroad company settled on the roof of the house which was destroyed by fire, but there was evidence by the son of Byers that, while he was sitting in the yard in front of the house next to the railroad, cinders from the engine fell around and near him; that this was only four or five feet from the house; that it was a dry, clear, windy day, and that the wind was blowing from the direction of the train toward the house; that the railroad engine was switching back and forth for about thirty minutes in front of the residence of Byers; that it was only about seventy-five feet away; that as the train pulled out it gave a distress signal which called the attention of young Byers, who was in the front yard, and he began to look to see what was the matter and found that there was a small fire on the roof of their home; that said fire was then only about a foot high and was about fifteen feet from the nearest chimney; that after carrying his father, who was then a paralytic, from the house, he went upstairs and the fire had not yet burned through into the room above. The house was destroyed but some little part of the furniture was saved; some outhouses were also burned, as were some fencing and valuable trees. There had been no fire in the house for three days except a small oil stove which emitted no sparks, and this stove was not in the room under nor near the place where the fire started; there were no other houses near the Byers home nor was there any fire on the premises or near them except that in the

engine on the railroad track. It will thus be seen that the plaintiff's evidence, insofar as the origin of the fire is concerned, was wholly circumstantial but it was enough to take the case to the jury. For the Director General the evidence shows that the spark arrester on the engine was in good condition and properly adjusted, and that there was no unusual number of sparks emitting from the smoke stack. While it is shown that the engine was out of repair with respect to certain rods and flues, it was testified by witnesses for the Director General that these defects in the engine would not affect its spark arrester, nor allow or cause sparks to be emitted from the engine. There were two trials of the case before two different juries. The first jury could not agree an a verdict and was discharged, the second jury found for the Director General. Just what impelled the last jury to return a verdict for the defendant is not clear, but there must have been some good reasons. As the evidence was all circumstantial—there being no direct evidence that any sparks from the engine of the railroad started the fire—it was for the jury to determine from all the evidence whether the fire was occasioned through the negligence of the railroad company in not providing its engine with proper spark arresters or failing to keep its spark arrester properly adjusted or unskilful operation of the train. If it was not negligent in one or more of these respects then the house was not ignited by a spark from the train and it was not liable for the loss occasioned by the fire. Ohio & Kentucky Railway Co. v. Whitt, 180 Ky. 418; Mobile & Ohio Railroad Co. v. Mathis, et al., 188 Ky. 47; Terhune v. L. & N. Railroad Co., 184 Ky. 670.

II. Appellant frankly admits in his brief that this appeal would not have been prosecuted but for the misconduct of counsel for the Director General, which is assigned as the second ground for reversal of the judgment. It appears that the house which was destroyed by fire was insured against fire in the sum of $800.00. This fact was averred in the second paragraph of the answer of the Director General, but a general demurrer was sustained to this paragraph by the trial court. Counsel for the Director General appears to have been anxious to get before the jury the fact that the house was insured against fire although the trial court had held it to be irrelevant. Such a fact was calculated to influence the jury. On the first trial of the case counsel for plaintiff, fearing that counsel for the defendant would refer in argument

to the fact that Byers had carried fire insurance on his house, called the court's attention to the matter and asked that counsel for defendant be admonished by the trial court not refer to that fact, whereupon counsel for the defendant assured the court that he would make no such reference and the court did not admonish him. On the second trial, apprehending that counsel for the defendant might make reference to the fact that the plaintiff Byers carried fire insurance on his house, counsel for plaintiff again besought the trial judge to admonish counsel for the defendant not to refer to the matter, he having done so on the first trial, but no admonition was given by the trial court. In the argument counsel for defendant said in substance: "I have not the slightest doubt that Mr. Byers' house was insured. No one who owns property along the railroad goes without insurance, and Mr. Byers doubtless had his property insured." This appears to be a direct and flagrant violation by counsel for the defendant of the ethics of the profession. No such reference should have been made by him to the fire insurance carried by Byers, especially in view of the fact that his attention had been called to it more than once, and the court, on his assurance that he would not call attention to the fact, had declined to admonish him not to do so, although urged by counsel for plaintiff to make such admonition. It appears, however, that counsel for plaintiff was present in court at the time the statement was made and heard the statement at the time it was made, but refrained from making objection to the argument, and did not ask the trial court to exclude the statement from the jury by proper admonition, or to move the court to discharge the jury and continue the case. It was the duty of counsel for the plaintiff to pursue one or the other of these courses. He had no right to remain silent until after the trial had closed and a verdict rendered against him and then for the first time, in his motion and grounds for new trial, offer objection to argument of opposing counsel. The reason he assigns for his failure to object at the time, while wholly insufficient to justify his failure, has some force in it. An objection to the argument in the presence and hearing of the jury would, of course, as said by counsel for plaintiff, have sharply emphasized the fact that the plaintiff Byers carried fire insurance on his home, and would have directed the attention of the jury to this objectionable fact and thus made bad matters worse. This reason, how-

ever, could be urged against almost every objection, either to evidence or argument of counsel, because in every such case the objection tends to call special attention to the thing objected to because it calls a halt in the proceeding and gives time for reflection and for impression to be made upon the mind of the jury, but in legal contemplation the admonition of the trial judge, if the objection be sustained, to the jury that it is not to consider the statement of the witness or the argument of counsel upon a particular point completely expunges and eradicates the evidence or argument from the mind of the jury and prevents its consideration by the jury in the making up of its verdict. We have held in a great number of cases that counsel for appellant cannot remain silent when objectionable argument is being made by opposing counsel and thereafter, in his motion and grounds for new trial, present for the first time his objection and have it sustained. Lunsford v. Hatfield, 166 Ky. 119; London, Liverpool & Globe Insurance Co. v. Wright, 166 Ky. 159; Bonta v. Bonta's Admr., 126 Ky. 129; C., N. O. & T. P. R. R. Co. v. Martin, 154 Ky. 348; L. & N. R. R. Co. v. Payne, 133 Ky. 539; Pullman Co. v. Pulliam, 187 Ky. 213.

It is said, however, by counsel for appellant (plaintiff below) that the rule, upon reason, should be different with respect to improper argument made by counsel for defendant before a jury, for the reason that the plaintiff in a damage case seeks to recover a verdict, and if he go outside the record and make improper argument his verdict, if he obtain one, may be set aside and the whole wrong righted, but as the defendant in a damage case may be presumed never to desire a trial but to postpone the case from term to term and thus wear it out, achieves a victory when he succeeds in bringing about a mistrial such as would occur if the swearing of the jury be set aside and the case continued; that if by improper argument counsel for the defendant could thus defeat a trial and postpone indefinitely a verdict for the plaintiff, he would be encouraged to transgress the rules of propriety in argument and save an adverse verdict. While there appears to be some reason for a distinction, this appertains to the method which the trial court should employ to prevent counsel transgressing its rules, and not to the method which counsel should employ to protect the rights of his client by objecting to the improper argument. It is not to be presumed that a jury will disregard

the admonition of the court to disregard improper argument of counsel, but the presumption is that a jury, which has witnessed the entire trial and receives the law of the case from the presiding judge, will likewise receive and apply its admonition with respect to the competency of evidence or of argument of counsel. Had counsel for plaintiff at the time objected to the statement of counsel for defendant to the effect that the plaintiff Byers had insurance upon his residence at the time of the fire, no doubt the court would have properly admonished the jury not to consider such argument, but if he has not done so the error would have been of such prejudicial nature as to have warranted this court in reversing the judgment. In the absence of such objection by counsel for the plaintiff, which amounted to a waiver of the objection, the error cannot now be relied upon for a reversal of the judgment.

In attempting to show that the improper argument of counsel influenced the jury, appellants procured and filed the affidavit of one of the jurors in which he states that the jury, while in its room considering its verdict, discussed the question of whether Byers had fire insurance on his home at the time it was burned, and that some of the members of the jury argued that if he had such insurance he was not entitled to recover the value of his house of the Director General, operating the railroad. We have often held that a verdict cannot be impeached by the affidavit of a member of the jury. We cannot make an exception in this case. Romans v. McGinnis, 156 Ky. 205; Rager v. L. & N. R. R. Co., 137 Ky. 817; Smith's Admrx. v. Middlesboro Electric Co., 164 Ky. 46.

III. In attempting to prove that the engine, including the spark arrester, was in good condition at the time it was switching to and fro in front of the Byers residence, the Director General produced some of the shop men whose duty it was to inspect the engine and spark arrester, and if out of condition repair the same. Incidentally it was shown that the inspector kept a book showing when inspections were made and what repairs had been ordered and made and the date thereof. When the witness was turned over for cross-examination counsel for plaintiff called for the shop book, which the witness produced, and read in evidence notations concerning the engine in question. Counsel for plaintiff then sought to examine the witnesses with respect to the book and notations made at other times concerning other en-

gines which were not on the track at the time and place of the fire of which complaint is made, but the court declined to allow counsel for plaintiff to interrogate the witness upon such irrelevant matters, and this is the basis of his third complaint. As this evidence could not, if allowed by the court, have shed any light upon the questions at issue, the trial court properly sustained the objection and excluded the evidence.

No error to the prejudice of appellant appearing the judgment is affirmed.