## Akers, et al. v. Illinois Central Railroad Company, et al.

(Decided February 17, 1925.)

Appeal from Grayson Circuit Court.

1. Railroads—Liable for Loss from Setting Fire to Combustibles, whether Sparks were Large or Small.—Where accumulation of combustible material along right of way is set on fire by passenger engine, railroad is liable for resulting injury to adjoining property, whether sparks that caused fire were large or small.

2. Railroads—Evidence Other Engines Emitted Ordinary Sized Cinders Held Inadmissible.—In action for damages to adjoining property from setting fire to combustible material along railroad right of way, evidence that other engines emitted ordinary sized hot

cinders held inadmissible, in absence of evidence that such cinders caused or could have caused any fires.

EUGENE R. ATTKISSON and J. M. CAMPBELL for appellants.

L. A. FAUREST, ALLEN P. CUBBAGE, R. V. FLETCHER and TRABUE, DOOLAN, HELM & HELM for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Alleging that they were the owners of a tract of land adjoining the right of way of the Chicago, St. Louis and New Orleans Railroad Company, which was leased and operated by the Illinois Central Railroad Company, and that the timber thereon was destroyed by a fire caused by the negligence of the defendants, their agents and servants, plaintiffs, Lee Akers and others, brought this suit against the railroad companies to recover damages in the sum of $13,750.00. From a verdict and judgment in favor of the defendants, plaintiffs have appealed.

The grounds of negligence were: (1) permitting combustible material to accumulate on the right of way; (2) failure to equip the engine with a proper spark arrester and keep same in good order; (3) negligent operation of the engine.

There was a conflict in the evidence as to the origin of the fire, the witnesses for appellants testifying that the fire began on the right of way and spread to the land in question, while the witnesses for appellees testified that the fire originated on the land itself, traveled towards the right of way, and had not reached the right of way when discovered by them.

The only issue submitted to the jury was whether the railroad companies permitted combustible material to accumulate along the right of way and whether such material was set on fire by sparks from its locomotives.

The principal ground urged for reversal is, that the court improperly excluded the evidence of a witness who testified that in passing up and down the tracks at or about the time of the fire he was frequently struck by cinders of the size that are usually found along the railroad tracks, and that these cinders were hot enough to burn the skin. It is conceded that where the sole ground of negligence is a defective spark arrester, and it is sought to overcome the evidence of the railroad that the spark arrester complied with the statute and was in good working order, evidence of the emission of sparks by

other engines is restricted to cases where the sparks were unusual in size or quantity, but insisted that this rule does not apply where the accumulation of combustible material along the right of way is also relied on. The argument is, that where such a condition exists, and the combustible material is set on fire by a passing engine, and property adjoining the right of way is injured, the railroad company is liable, and it is wholly immaterial whether the sparks that caused the fire were large or small. Such is the rule. Mobile & Ohio Railroad Company v. Mathis, 188 Ky. 47, 220 S. W. 1068. But the question is, was the offered evidence admissible for the purpose of showing that the combustible material was set on fire by a passing train? An examination of the cases will show that proof of the emission of sparks by other engines forms an exception to the ordinary rules of evidence. From the very nature of the case it is impossible for a plaintiff to overcome the proof of a railroad company that the engine claimed to have caused the fire was equipped with a proper spark arrester, except by evidence that the particular engine, or other engines similarly equipped, shortly before and after the fire emitted sparks of such unusual size or quantity that they would not have escaped if the spark arresters had been of the proper type and in good working order. Here it is sought to go a step further and to show that the combustible material was set on fire by a passing engine by evidence that other engines emitted ordinary cinders of the usual size, and that these cinders were hot enough to burn the skin. As it was not shown that the cinders emitted by other engines actually caused any fires along the right of way, or even that they were such that they could have caused fires, it is at once apparent that the offered evidence was not even sufficient to show other acts of negligence on the part of the companies, to say nothing of negligence from which it could be inferred that the companies were negligent on the occasion in question. That being true, the evidence was without probative value, and was properly excluded.

There being no evidence that any engine passing just before the fire was negligently managed, or that its spark arrester was defective, the court did not err in refusing to submit these issues to the jury.

Judgment affirmed.