REDMOND F. SMITH, RESPONDENT, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, APPELLANT.*

Kansas City Court of Appeals.   June 14, 1926.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, p. 772, n. 77; p. 963, n. 68; p. 969, n. 56; p. 1005, n. 68; p. 1011, n. 13; Executors and Administrators, 24CJ, p. 401, n. 34; p. 407, n. 99; Husband and Wife, 30CJ, p. 958, n. 83; Trial, 38Cyc, p. 1543, n. 69; p. 1610, n. 90; p. 1711, n. 19.

*L. B. Gillihan* for respondent.

*Conrad & Durham, John C. Leopard & Son, Hale Houts* and *Luther Burns* for appellant.

BLAND, J.—This is an action under the statute, section 9954, Revised Statutes 1919, for damages caused by a fire communicated from one of defendant's engines to the property of plaintiff.   There

was a verdict and judgment in favor of plaintiff in the sum of $1360 and defendant has appealed.

The facts show that plaintiff was the owner of some farm lands situated near Gallatin, Missouri, and adjoining defendant's right of way. On January 15, 1923, a fire started near the right-of-way fence and burned across an old corn field for a distance of 363 feet where it ignited and destroyed a house, barn, some personal property and fruit trees belonging to plaintiff. The buildings at the time were insured for $1100.

It is insisted that the court erred in admitting evidence as to the throwing of sparks from defendant's engines and the setting afire of plaintiff's field on other occasions than the one in controversy without confirming those occurrences to any given time. The evidence shows that, over the objection of defendant, plaintiff was permitted to testify that on a number of occasions, without stating when, defendant's engines threw cinders "nearly half way to the barn;" that said engines set fire to his field for as great a distance as 150 feet from the railroad and at the time of the trial, which was more than two years after the burning of the property complained of, plaintiff found cinders on the ground 150 feet away from the railroad. There was no claim that these sparks came from, or that the other fires were set by, the same engine that caused the fire in this instance. The case was a very close one upon the facts. While two witnesses saw the train pass, neither saw any sparks emitted, and plaintiff's case was based entirely on circumstantial evidence. Defendant offered testimony tending to show that plaintiff set the fire himself.

There is no question but that under the circumstances the court erred in admitting the testimony concerning the setting of other fires without confining the witness to any time; also the testimony in reference to the throwing of cinders without any time being given and even the testimony as to cinders being found that had been emitted more than two years after the fire in question. While the evidence of other fires and the throwing of cinders at other times is admissible, this evidence should be confined to those occurrences happening reasonably near the time of the fire complained of, unless a series of occurrences of this sort be shown. [Tate v. St. Louis & Southwestern Rd. Co., 201 Mo. App. 212, 220, 221; Farmers Elevator and Grain Co. v. Hines, 294 Mo. 639; Henderson v. Railroad Co., 144 Penn. St. 461; C. & O. Ry. Co. v. Meek, 169 Ky. 775, 783, 784; 33 Cyc. 1371, 1372.] However, it has been held that evidence of the emission of cinders by other engines is inadmissible unless it is shown that such cinders did or could have caused fires. [Akers v. Railway, 269 S. W. 311.]

The court upon his own motion gave instruction No. 4 on the measure of damages, which reads as follows:

"The court instructs the jury that if you find for the plaintiff in this case, you should assess his damages, on the first count of his petition at such sum as you believe from the evidence the house and barn and their contents and the other personal property in evidence were reasonably worth at the time they were destroyed, if they were."

And also another instruction on behalf of the plaintiff, telling the jury, among other things, that if they found that—

". . . defendant is liable to plaintiff for the burning of the house, barn and their contents, they must allow plaintiff on the first count of his petition *the full amount of the injury done to his property,* without regard to the amount of insurance money he received." (Italics ours.)

The petition fixed the value of the barn at $550 and the value of a half set of harness at $15. The witnesses put a valuation upon the barn of from $900 to $1300; one witness placed a value on the barn of from $900 to $1300; one witness placed a value on the barn of $1000 and on the house of $500, the house was alleged in the petition to be worth $1300. The only testimony as to the value of the half set of harness was that it was worth $25. The jury allowed $60 for the trees, covered by the second count, and $1300 for the rest of the property, covered by the first count. Instruction No. 4 was undoubtedly erroneous in not confining the jury to the value placed upon the property in the petition, especially in view of the other instruction telling the jury that it was its duty to allow plaintiff the full amount of the injury to his property. [Nigh v. Railroad, 276 S. W. 1038; Hance v. United Rys. Co., 223 S. W. 123; Finley v. United Rys. Co., 238 Mo. 6.] The case of Mathews v. Railway, 142 Mo. 645, cited by plaintiff, is not in point.

The error in instruction No. 4 might be cured by requiring a *remittitur* of $10, which was the amount that the testimony shows exceeded the allegation of the petition in reference to the value of the half set of harness, plus the sum of $750, the latter sum being the difference between the maximum amount testified to as the value of the barn and the amount placed upon it in the petition. But for the error in the admission of testimony in reference to other fires and the throwing of sparks, the judgment must be reversed and the cause remanded, and it is so ordered. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.