## Fields v. Cannon Ball Cab & Bus Company.

(Decided March 11, 1930.)

F. W. STOWERS for appellant.

HARMAN, FRANCIS & HOBSON for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Appellant, Valey Fields, by her next friend, instituted suit against the appellee alleging that on or about the 10th day of December, 1928, while she was a passenger on one of the busses operated by appellee, she was injured by and through the carelessness and negligence of appellee, its agents, servants, and employees then operating the bus on which she was riding; and that the injury consisted in the cutting, bruising, and mangling of her right thumb through its being caught by the door of the bus when it was closed. The answer was a traverse and a plea of contributory negligence.

A trial resulted in a verdict in favor of appellee. Appellant has appealed, urging that the court erred in

giving and refusing instructions, and that the court erred in requiring appellant to admit certain affidavits to be read as evidence in order to avoid a continuance of the case, and that the verdict is flagrantly against the weight of the evidence.

The evidence as to how the injury occurred is brief. Valey Fields was twelve years old. The conveyance in which she was riding, operated by the bus company, was a seven-passenger automobile. She sat on one of the folding seats. A stop was made at Stone and a passenger alighted. Appellant testified that the driver of the automobile told her to close the door, and that she took hold of the door near the front part and put her right hand against the side of the car at the back near the hinges of the door. As she started to pull the door to, the driver started the car, and it jerked the car, causing her to slam the door, and, at the same time, her right hand slipped into the crack and the door was pulled to on her thumb. According to her testimony, her injury was caused by reason of the orders given to her by the driver of the car which caused her to take hold of the door, and that the driver started the car, which resulted in her losing her balance and pulling the door to after her thumb had slipped into the crack.

The driver denied that he directed her to close the door, or that he started the car while she was doing so. The evidence offered in behalf of appellee was to the effect that the little girl pulled the door to herself and caught her finger in shutting it. The instructions submitted to the jury the issue made by the evidence. They fully submitted the case as made out by the evidence of the little girl herself. In another instruction the jury was told that it could not return a verdict for the appellant unless it believed, from the evidence, that the driver of the car told the plaintiff to shut the door and then caused the bus to jerk violently, which resulted in causing appellant's thumb to slip into the crack of the door and causing her to lose her balance and control of the door, and in that way brought about the injury. This was the converse of the first instruction. Complaint is made on the score that it required the jury to both believe that the driver ordered appellant to close the door, and that he started the car with a jerk. That was the basis of her right of recovery. No one testified that the act in closing the door would have resulted in any injury but for the starting of the car. Some complaint

is made about the instruction defining "ordinary care," but it is defined as such care as persons of the age and intelligence of appellant ordinarily used under circumstances similar to those proven in the case. The instruction was proper. We find no grounds for reversal because of the instructions.

It is insisted that the court committed error in allowing an affidavit to be filed setting out what would be testified to by absent witnesses and then, over the objection of appellant, requiring her to admit the affidavits as evidence, or to suffer a continuance of her case. She consented to the reading of the affidavits, but objected to being required to consent to the reading of the affidavits in order to avoid a continuance. She was not compelled to consent that the affidavits should be read. She elected to allow the reading of the affidavits, and she was bound by her election, and she could not take a chance on a favorable verdict and if she did not get it insist that there should be a reversal, because the court held that the affidavits were sufficient for a continuance, and that a continuance would be granted unless they were allowed as the evidence of the absent witnesses. Gibson v. Sutton, 70 S. W. 188, 24 Ky. Law Rep. 868; Louisville & N. R. R. Co. v. DeGore, 84 S. W. 326, 27 Ky. Law Rep. 54; Louisville & N. R. R. Co. v. Scarbrough, 208 Ky. 79, 270 S. W. 494; Byers' Adm'r v. Hines, 194 Ky. 448, 239 S. W. 783.

The only objection offered to the reading of the affidavits was that proper diligence had not been shown in procuring their attendance. We do not think the point was well taken, and after the court had ruled that the affidavits were sufficient the appellant had but two courses open. One was to let the case be continued, and the other was to consent to the reading of the affidavits as the evidence of the absent witnesses. When the affidavits were offered on the trial, no objection was made to their being read. If they were incompetent as evidence for any reason, objections should have been made when they were offered as evidence if appellant meant to take advantage of any question of incompetency.

Judgment affirmed.