# Cincinnati, N. O. & T. P. Ry. Co. v. Snow, and five other cases.

Oct. 11, 1940.

K. S. Alcorn, Judge.

Nelson D. Rodes for appellant.

Henry Jackson and E. C. Newlin, Jr., for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

These actions grow out of damages resulting from a fire which occurred on November 4, 1938, some two miles south of Junction City, near a point where Boyle and Lincoln Counties join. The petitions in each of the cases allege that the defendant railroad company negligently failed to equip its engines with spark arresters and that the engines emitted fire on the right-of-way which spread to the adjoining farms; that defendant negligently failed to remove dead grass, weeds, etc., from its right-of-way, which took fire from passing trains. A third paragraph alleges the fire was caused by defendant's negligence in failing to equip its engines with spark arresters, or through its negligence in allowing dead grass to remain on its right-of-way, one of the other.

Each answer was a traverse followed by an affirma-

tive plea that defendant did not start the fire and had no connection therewith, but same started on lands more than 100 yards east of the right-of-way. By agreement the six cases were consolidated for the purpose of trial. Verdicts were returned and judgments rendered in favor of Fischer, Johnson, James and Sewell for $200 each; in favor of Snow for $400; and in favor of Schlachter for $300. Motions were duly made for appeals. Six separate petitions for new trials based upon newly discovered evidence were filed under Section 344, Civil Code of Practice, and they were heard together. The trial judge, after hearing the evidence orally, dismissed these petitions and motions were duly made in these cases for appeals. This court ordered all the appeals heard together.

No question is raised as to the instructions, the admissibility or rejection of evidence, or the amount of damages, and the only questions are: 1. Was there sufficient evidence as to the fire being started by the engine to submit the cases to the jury and did the appellees fairly negative any other source of the fire than from the engine; 2. Was the newly discovered evidence such as to warrant the court granting new trials?

On the day of the fire there was a strong wind from the southeast and the question of fact was whether or not the fire started near a deep cut on the right-of-way and backed eastwardly onto the Derbishire woods against the wind, or whether it started on the Derbishire farm in a woods 137 steps from the right-of-way and was fanned westwardly by a southeast wind to the right-of-way and then spread west of the right-of-way.

Appellees introduced evidence that the right-of-way had been cut over but that the cuttings had not been removed and that there were dry weeds, briars, etc., left thereon. Several witnesses testified for appellees that around the noon dinner hour a train passed and within two or three minutes thereafter, they noticed smoke rising from the right-of-way near the deep cut. These witnesses were located at various places from a quarter to a half a mile from the point they testified the smoke was rising from the right-of-way and that by the time they arrived at such point the fire had greatly spread. One of these witnesses, Conrad Bender, testified that just before eating dinner he saw smoke on the Derbi-

shire farm. He ate and then went to the Derbi-shire farm and coming back he heard a train go by. Immediately after the train passed he saw smoke rising from the right-of-way at the cut and by the time he got to the railroad a hand-car with a section crew arrived to fight the fire. It would appear from Mr. Bender's testimony that there were two fires. Joe Philips, another witness for appellees, testified that the fire started on the right-of-way, but on cross-examination stated he could not be positive whether it started there or in the woods. He also testified there could have been more than one fire.

Richard King and Louis Owen, witnesses for appellant, testified they saw a fire from a quarter to a half mile distant and thought it was in a corn field and started to it. They proceeded down the railroad, climbed the right-of-way fence at the far end of the cut and saw the fire in the woods and there was no fire on the right-of-way at that time, but it soon spread to the right-of-way. They testified there was no other fire and that the point where the fire was burning in the woods was 137 steps from the right-of-way. Other witnesses testified for appellant that the fire started in the woods and not on the right-of-way, but none of these witnesses were right at the scene of the fire. Evidence was introduced by appellant that on the morning of the fire four trains passed Junction City (some two miles from the scene of the fire) at 9:45; 10:43; 10:52 and 10:59, and that these four trains were all that passed the scene of the fire between 9:45 and noon on that day. It was proven that the engines pulling these trains were equipped with approved and efficient spark arresters, which were in good condition.

As several of appellees' witnesses testified they saw smoke rising from the right-of-way immediately after the train passed such testimony was sufficient to take the case to the jury in view of the testimony that defendant negligently permitted combustible debris to remain on its right-of-way. Although King, Owen and some other witnesses testified for appellant that the fire did not start on the right-of-way but started in the woods, this does not bring the case within the rule of Chesapeake & Ohio Ry. Co. v. Bagby, 155 Ky. 420, 159 S. W. 964, that if the evidence goes no further than to show the damage may have resulted from one of several

causes and that only one cause could be attributed to defendant, that the plaintiff fails to make out a case. Appellees proved facts from which it could reasonably be inferred that the fire started on the right-of-way due to defendant's negligence and it was written in Louisville & N. Ry. Co. v. Hamburg-Bremen Fire Ins. Co., 152 Ky. 510, 153 S. W. 745, that such evidence was sufficient to take the case to the jury. It appears to us that appellees' evidence fairly negatived any other source of the fire than that it was set by appellant's negligence, while appellant's evidence was that the fire started in the woods without fault on its part, thus making an issue for the jury. Frankfort & C. R. Co. v. Marshall, 236 Ky. 404, 33 S. W. (2d) 353. The appellant is liable if it left combustible material on its right-of-way and same was set afire by its engines, even though such engines were equipped with proper spark arresters. Mobile & O. R. Co. v. Mathis, 188 Ky. 47, 220 S. W. 1068; Akers v. Illinois C. R. Co., 207 Ky. 379, 269 S. W. 311.

We now come to the second question, was the newly discovered evidence such as to warrant the court granting a new trial? There was no question as to appellant's diligence, as the witness discovered after the trial was attempting to avoid appearing in court and did not divulge the information he possessed until after the trial was had and court adjourned. Defendant's claim agent, Mr. Flemming, made some four or five investigations of this fire and failed to discover this witness because of his reticence in seeking to avoid testifying. In support of the petition for a new trial S. W. Henson testified in effect that on the morning of the fire while hunting in the Derbishire woods east of the railroad he came upon a hobo about 9 o'clock beside a fire, and there was evidence of his having cooked some food. He talked with the hobo some thirty minutes, warned him to be careful with his fire, then left him and hunted on the west side of the railroad for an hour and a half or two hours. Two or three trains passed while he was hunting west of the railroad and as he went over a hill about 11 o'clock that morning he saw smoke coming from the woods where the hobo had the fire.

Appellees contend this newly discovered evidence is merely cumulative, is not decisive and is not of the character to render a different result reasonably certain upon another trial. In support of their position they

cite several cases, but Powell v. Galloway, 229 Ky. 43, 16 S. W. (2d) 492, is the only one which has any application. In the Powell case the evidence heard in support of the petition for a new trial was sharply conflicting and was not of such certain and unerring character as to have been decisive of the issue involved, hence we refused to disturb the finding of the circuit court. In the instant case there is no conflict in the evidence heard on the petition for a new trial 'and no witness contradicted Henson as to seeing the hobo by the fire in the woods; nor is Henson's testimony cumulative as is argued by appellees. But if it were, a new trial might be granted. The rule that newly discovered evidence which is merely cumulative is not ground for a new trial is subject to the exception that a new trial will be granted where such evidence is sufficient to render clear that which was before doubtful. Torian v. Terrell, 122 Ky. 745, 93 S. W. 10; Howell v. Standard Oil Co., 234. Ky. 347, 28 S. W. (2d) 3. It is true King and Owen testified there was a fire in the woods but they did not testify as to how it happened to be there, or how long it had been burning. It is of the utmost importance to determine whether this fire started in the woods or on the right-of-way. With Henson's testimony fortifying that of King and Owen, it well might be of a decisive nature. If so, a new trial should be granted. Louisville & N. R. Co. v. Hulette, 171 Ky. 500, 188 S. W. 653; Dunn v. Blue Grass Realty Co., 163 Ky. 384, 173 S. W. 1122.

The verdicts returned in these cases were not unanimous. The record shows that subsequent to their trial, there was a trial of similar cases in the Lincoln Circuit Court growing out of this same fire and that Henson was introduced as a witness for appellant with the result that a unanimous verdict was there returned in its favor. Thus it would appear that Henson's testimony was of a decisive character and reasonably calculated to produce a different result on a new trial. The learned trial judge in his written opinion declining to grant appellant's petitions for new trials, remarked that Henson was not an impressive witness and that in his judgment Henson's testimony did not produce a different result upon the trial of the Lincoln County cases. The trial judge thought the verdict in appellant's favor there was due to the fact that the jury viewed the premises upon motion of appellant, and no such motion was made dur-

ing the trial of the instant cases. However, this is but a surmise or conclusion upon his part. We know when Henson did testify a different result was reached and it is not difficult to believe his testimony played an important part in causing the jury to return a verdict for appellant.

Appellees argue that the granting of a new trial upon newly discovered evidence rests largely within the discretion of the trial judge, whose judgment will not be disturbed in the absence of an abuse of that discretion. Such is the rule. But where the evidence on the issue was equiponderant, newly discovered evidence of a decisive character requires the court in the exercise of a sound discretion to grant a new trial. Howell v. Standard Oil Co., supra, and cases therein cited.

The motions for appeals are sustained and the appeals are granted. The judgments are reversed for proceedings consistent with this opinion.