## Dyer et al. v. Collins.

September 28, 1948.

Jean L. Auxier for appellants.

E. J. Picklesimer and Abner May for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This appeal is from a judgment overruling exceptions filed by the appellants, Goldina Smith Dyer, and John Smith, Jr., and Stallard Dyer Smith, by their statutory guardian, Goldina Smith Dyer, to a commissioners' report dividing some 1500 to 2000 acres of mountain land which belonged to John Smith, deceased, into 14 parts. Only the equality of the shares of the appellants and that of the appellee, Pricy Smith Collins, is questioned in this action.

John Smith, Jr., and Stallard Dyer Smith were awarded 3.9 acres of bottom land along U. S. Highway 119. The appellee was awarded .4 of an acre of bottom land fronting on the highway and two additional tracts of hill land comprising approximately 100 acres. The surveyor testified, however, that one of the tracts contained more than the 47.4 acres called for. The exhibits show that the appellee's allotment had considerably more frontage on the highway than did that of the infants, but there is testimony to the effect that practically all of the lands allotted to the appellee which abut on the highway are steep and unsuited for building or farming purposes. There were some improvements on the portion allotted the infants and there appeared to be some on the lands allotted the appellee. Two of the commissioners testified that they did not take into consideration a store building on the appellee's portion which her husband had erected and in which he had been

operating a store for a number of years. These commissioners said they were instructed not to take into consideration the value of the store building, or its estimated rental value of $20.00 per month, and, further, that they had no personal interest whatever in the case and felt that they had made a fair division of John Smith's lands. On the other hand, a kinsman of the appellants, who operates a store near that of the appellee's husband, testified in substance that the allotment to the appellee was worth approximately twice that made to the infants, John Smith, Jr., and Stallard Dyer Smith.

The chancellor heard the witnesses and doubtless was familiar with the lands being divided. It is our rule to follow the chancellor where the evidence is conflicting and there is no more than a doubt as to the correctness of his ruling. This Court has had occasion to note over a long period of years the conscientious and painstaking manner in which Judge Monroe Fields, now deceased, considered cases coming before him. While the evidence in the case at bar is conflicting, we are of the opinion that the chancellor's finding should not be disturbed.

Judgment affirmed.