## Knuckles et al. v. Woolum et al.

June 14, 1949.

Cleon K. Calvert and Hammond & Knuckles for appellants.
James Sampson for appellees.

JUDGE CAMMACK—Affirming.

This appeal involves the location of a boundary line agreed on between the predecessors in title of the appellants and appellees in 1888. The line was described in an instrument, which involved mutual transfers of land between the parties.

The dispute relates to which of two ridges formed the eastern boundary of the land to be held by the appellees' ancestor. The appellants say that the ridge called for in the instrument is between Bear Wallow Hollow and the Ben Carroll Branch. The appellees are equally insistent that the line called for followed the ridge between the Ben Carroll Branch and the John Neal Branch. The evidence is in direct conflict. Each party introduced surveyors and persons who had long resided in the community to establish the line. The appeal is from a judgment upholding the contentions of the appellees.

The instrument states that the line was marked and A. C. Blair, a surveyor, testified that he had followed the line, the marks of which gave the appearance of being old, completely around the boundary contended for by the appellees. The witness also stated that in running the line, he made reference to the various title papers to these lands, including the instrument here involved, and that he was able to locate the monuments called for. J. M. Culton, a surveyor, testified that he ran the line claimed by appellants, but that in so doing he followed the directions of some of the appellants and did not refer to the title papers, and that he did not recall whether the line was marked or whether he then marked it. A surveyor, who had formerly worked for Mr. Culton, testified that the marks along this line were more recent than those marking the other line and that they were the distinctive marks of Mr. Culton, in that they were very light marks. Persons who had for many years lived on and about these lands testified concerning the proper location of the line from both personal knowledge and family lore. The effect of their testimony was to raise a question of fact for the chancellor's determination.

Each party also laid claim to these lands by virtue of adverse possession. Without detailing the evidence, suffice it to say that it also is in direct conflict.

It is a well-settled proposition of law that where

there is no more than a doubt as to the correctness of the chancellor's findings, they will not be disturbed. Dyer v. Collins, 308 Ky. 144, 213 S. W. 2d 1018; Dause v. Wilkerson, 302 Ky. 422, 194 S. W. 2d 998. However, from our reading of the evidence and study of the exhibits, we are not only convinced that the evidence is sufficient to sustain the findings of the chancellor, but we are of the opinion that the evidence preponderates to that effect.

Judgment affirmed.