942

Cleon K. Calvert, Pineville, Robert J. Watson, Middlesboro, for appellants.

James Sampson, Harlan, for appellees.

CAMMACK, Chief Justice.

On June 14, 1949 we affirmed the judgment in the case of Knuckles v. Woolum, 311 Ky. 262, 223 S.W.2d 886. The dispute in that case related to the location of a boundary line agreed upon in 1888 by W. R. Knuckles and H. W. Neal, predecessors in title of the parties to this appeal. Included in · an instrument executed by Knuckles and Neal were a description of the boundary and a notation that the line had been marked. Reference is made to the Knuckles v. Woolum opinion for further development of the facts and of the contentions of the parties.

In July 1950 the appellants filed a petition for a new trial on the ground of newly discovered evidence under Section 344 of the Civil Code of Practice. The Chancellor sustained a general demurrer to the petition as amended, and, when the appellants refused to plead further, entered a judgment dismissing the petition. This appeal is from that judgment.

The appellants filed with their petition the affidavit of 88 year-old John Saylor who stated that he was present at the request of Knuckles and Neal when the boundary line was marked, and that he helped mark the line. He stated that the line ran on the ridge between Bear Wallow Branch and Ben Carroll Branch (as was contended by the appellants in the original action). He understood that the agreement between Knuckles and Neal was that "Neal was to get all the land on Bear Wallow Branch, and Knuckles all that Neal owned or claimed outside that branch." He further stated that the judgment in the Knuckles v. Woolum action gave to the heirs of Neal that which was to belong to Knuckles.

We have long adhered to the rule that a new trial will not be granted on the ground of newly discovered evidence where the newly found evidence is merely cumulative of that presented on the trial, Jones' Adm'x v. May, 310 Ky. 706, 221 S.W.2d 617; Williams v. H. C. Whitmer Co., 252 Ky. 242, 67 S.W.2d 8, unless such evidence is sufficient to render clear that which was doubtful before, or unless it is of such a conclusive or controlling character that it would have a decisive effect upon the

judgment sought to be overturned or would render a different result reasonably certain. Cincinnati, N. O. & T. P. Ry. Co. v. Snow, 284 Ky. 58, 143 S.W.2d 863; Collinsworth v. Harvey Coal Corp., 288 Ky. 704, 157 S.W.2d 294; Lindsey v. Kentucky Development Co., 291 Ky. 253, 163 S.W.2d 499; Pearce v. Coogle, 297 Ky. 194, 178 S.W.2d 938.

■ That the newly discovered evidence in the instant case is cumulative is clearly evident from the testimony given on the former trial by the witnesses for the appellants. A large part of this testimony was directed toward establishing the location of the disputed boundary line, as well as toward the division and exchange intended to be made by Knuckles and Neal of their respective properties in the neighborhood of the Bear Wallow and Ben Carroll Branches. One of the appellants' witnesses, John Bailey, an elderly man, who had lived in the area when the agreement was made, testified that Knuckles and Neal had shown him the location of a conditional line between their properties. The effect of Bailey's testimony was that the line ran on the ridge between Bear Wallow Branch and Ben Carroll Branch. George Knuckles testified that he was present at the time the instrument was executed, that the properties were to be divided between W. R. Knuckles and H. W. Neal in the same manner and at the same location as now contended by the appellants; that the boundary line was subsequently marked; and that since 1888 he has been familiar with a line marked on the ridge between the Bear Wallow and Ben Carroll Branches.

■ It is well settled that the granting or refusing of a new trial for newly discovered evidence rests largely within the discretion of the trial judge, whose judgment will not be disturbed in the absence of an abuse of discretion. Gray v. Sawyer, Ky., — S.W.2d —, and Cincinnati, N. O. & T. P. Ry. Co. v. Snow, 284 Ky. 58, 143 S.W.2d 863. Here the affidavit of Saylor would appear, at first glance, to bear great weight on the question of the location of the boundary line. However, on the former appeal of this issue, we wrote that the evidence preponderated in favor of the appellees. In view of the strength and amount of evidence to the contrary, the evidence of Saylor would not be conclusive and would not render a different result probable.

Therefore we are of the opinion that the Chancellor did not abuse his discretionary powers in refusing to grant the appellants a new trial. Having reached this conclusion we will not delve into the question of the lack of the exercise by the appellants of a proper amount of diligence in discovering their witnesses before the trial.

Judgment affirmed.