Amos M. DURBIN, Sr., Administrator of the Estate of Amos M. Durbin, Jr., Deceased, Appellant,

v.

NALLY, BALLARD, AND SALTSMAN, Inc., et al., Appellees.

Court of Appeals of Kentucky.

May 6, 1955.

D. G. Boleyn, Don A. Ward, Hazard, for appellant.

W. W. Reeves, M. P. Barret, Hazard, for appellees.

CLAY, Commissioner.

Appellant filed a petition for a new trial under Section 340(7) of the Civil Code on the ground of newly discovered evidence. A demurrer to this petition was sustained, and it was dismissed.

Appellant represents the estate of one Amos Durbin who was fatally injured in February, 1950, when he fell from a bridge being constructed in the City of Hazard. Suit was filed against appellees for damages, and the action was tried in April 1952. The trial court directed a verdict for appellees, and the judgment entered on the verdict was affirmed by this Court in December, 1953. Durbin's A'dm'r v. Nally, Ballard & Saltsman, Inc., Ky.1953, 263 S. W.2d 102.

The ground for the directed verdict was that the deceased was guilty of contributory negligence as a matter of law in attempting to cross a bridge which he knew was under construction and after he had been warned not to cross by a nightwatchman named Williams.

On June 30, 1953, while the appeal was pending, appellant filed his petition for a new trial on the ground of newly discovered evidence. Such newly discovered evidence consisted of statements by a new witness named Payne. He stated by way of affidavit that he crossed the bridge a short time before the deceased, that he heard someone fall from the bridge, and that when he crossed the bridge he saw no one and was given no warning.

Appellant in his petition states that he knew of the existence of this witness prior to the trial in April, 1952, but had been unable to learn his name. He alleges that he exercised "all diligence in preparing said action for trial" but states no facts with respect to what was done to learn the identity of the witness or to locate him.

There are at least two sound reasons why the trial court properly sustained a demurrer to this petition and refused to grant a new trial. The first is that the petition fails to state any facts showing due diligence was exercised to locate this witness and have him at the trial. See Russell v. City of Ashland, 159 Ky. 223, 166 S.W. 971.

The second reason is that the facts to which this witness would allegedly testify

are not of such conclusive or controlling character as to make reasonably certain a different judgment. See Knuckles v. Helton, Ky.1952, 245 S.W.2d 942.

The judgment is affirmed.