**LOUISVILLE & NASHVILLE RAILROAD COMPANY, Appellant,**

v.

**Robert TURNER et al., Appellees.**

Court of Appeals of Kentucky.

May 29, 1964.

Denney & Landrum, Lexington, James M. Terry, Louisville, Ollie J. Cockrell, Jackson, Marvin D. Jones, Eugene W. Herde, Louisville, for appellant.

J. Douglas Graham, Campton, for appellees.

DAVIS, Commissioner.

In April, 1960, a fire damaged timber on appellees' Breathitt County farm abutting appellant's railroad tracks. Appellees obtained a $5,000 verdict against the railroad, based on their claim that the company was negligent in the operation of its train and in failing to keep its right of way free of combustible materials. KRS 277.220(2).

The railroad seeks reversal on three grounds: (1) There was not sufficient evidence to warrant submission of the case to the jury, hence a directed verdict for the railroad should have been given; (2) the instructions were erroneous, and (3) the verdict is excessive.

We have concluded that there is merit in the first contention of appellant, and do not reach the other questions presented.

The appellees presented several witnesses who said that they saw appellant's diesel locomotive and freight train pass appellees' farm, and that virtually simultaneously they observed a fire along the right of way. However, no witness testified to seeing any spark or other inflammable matter coming from the locomotive or any other part of the train. No witness asserted that the locomotive, or any other portion of the train, was defective. There was no showing of any abnormal or improper operation of the train. In fact, no witness was able to offer any evidence as to the cause of the fire.

The railroad offered evidence that various fires in the same locality had been observed before the train had passed. Other evidence cast doubt whether the fire had actually started on the right of way, or at a point substantially distant from it. There was conflict in evidence as to the direction of

the wind—whether toward or from the right of way.

██ Appellees' claim must find foundation in some negligence of the railroad company proximately causing the claimed damage. Our decisions reflect that we have recognized the practical difficulty of presenting direct proof of negligence in this type case. Realistically, we have approved admission of evidence that on other occasions, reasonably proximate in time and circumstance, locomotives have emitted sparks. Louisville & N. R. Co. v. Brewer, 170 Ky. 505, 186 S.W. 166; Ohio & Kentucky Ry. Co. v. Whitt, 180 Ky. 418, 202 S.W. 899; L. & N. R. Co. v. Home Ins. Co., 146 Ky. 281, 142 S.W. 398; Louisville & N. R. Co. v. Bean, 273 Ky. 454, 116 S.W.2d 989; Akers v. Illinois Cent. R. Co., 207 Ky. 379, 269 S.W. 311. But all of our cases recognize the fundamental that the claimant must make a prima facie showing of defective equipment or improper operation; the mere fact of a fire, even though produced by sparks from an engine, is not in itself sufficient to create a presumption of negligence. Clemons v. Dawkins Log & Mill Co., 266 Ky. 157, 98 S.W.2d 472.

Our cases relating to claims for fire damage by reason of train operations have to do with steam locomotives. The instant case involves a diesel engine. The evidence shows that the railroad company has not used vigilance in ridding its right of way of weeds and other vegetation since the advent of the diesel locomotives. It explains this on the ground that the diesel is virtually free of fire setting potential. There is evidence that soot, sulphur or fire has been observed to come from diesel engines, but the witness who said so also added he had never known of a fire set by a diesel. Another witness stated that a diesel exhausts carbon particles, but that he had never known one to ignite a fire No witness asserted that the diesel engine on the train in this case emitted any inflammable material at any time. Clearly there was not sufficient evidence to warrant submission of any issue to the jury as to the negligent equipment or operation of the train.

Appellee contends that the railroad's admitted failure to remove combustible materials from its right of way is sufficient to impose liability in view of KRS 277.220 (2). That statute provides:

"(2) Each railroad company shall keep its right of way clear and free from weeds, high grass and decayed timber that is likely to take and communicate fire from passing trains to abutting or adjacent property."

█ We considered the same contention in relation to the statute in Mobile & O. R. Co. v. Mathis, 188 Ky. 47, 220 S.W. 1068. There we said that the statute is not directed against weeds, high grass and decayed timber in general, but only against combustible materials likely to take and communicate fires from passing trains to abutting property. The purpose of the statute is to prevent fires by passing trains; it does not impose liability for the railroad's permitting accumulation of combustible material on its right of way unless it also appears that the material was ignited by a passing train. We noted in Cincinnati, N. O. & T. P. Ry. Co. v. Snow, 284 Ky. 58, 143 S.W.2d 863, that the instant statute is sufficient to impose liability on the railroad, even though its engine was equipped with proper spark arresters, if the railroad left combustible material on its right of way *and* "same was set afire by its engines."

██ We are mindful of the sound principle that circumstantial evidence may be sufficient to support a verdict in cases of railroad fires. See Withers v. Ill. C. Ry. Co., 306 Ky. 487, 207 S.W.2d 33, and cases discussed therein. As observed in Withers, testimony in cases of this type is so widely variant that no one decision, nor any particular excerpt, may be selected as controlling. We do not here undertake a detailed comparison of the evidence in the case at bar with the several factual situations in

prior decisions. It suffices to say that the varying circumstances which were held sufficient to develop a jury issue in other cases are not present in the case before us. Indeed, the only circumstance pointing toward the train as the ignition point of the fire is the evidence that a substantial fire was seen along the railroad right of way nearly simultaneously with the train's passage. Manifestly, this is no slight circumstance—yet, standing alone, unaided by any evidence of improper operation or defective equipment—unbolstered by any showing of emission of sparks or other incendiary material—that circumstance cannot rise to the level necessary to make a jury issue.

This is particularly true because other hypotheses of the fire's origin are in the record; for example, there is evidence that other fires were in the area, from unexplained sources; there is a showing that at least two persons were walking along the track just at the site of the fire in question; that each smoked cigarettes; that they did not know whether they had been smoking at the time or not, but they had had to make haste to avoid being struck by the accused train.

■ Some significance may be ascribed to the fact that in his opening statement to the jury, counsel for appellees stated their proof would show that one of the men (evidently of the train crew) tossed something out of the train and set the leaves on fire. Yet, there was no such showing, nor any apparent effort to elicit any such evidence. In his closing argument the same counsel did not advert to that theory, but suggested that since one witness had said that a diesel will throw out soot and fire, the diesel here had gone "through there throwing out soot and fire and setting the whole country on fire up there." The difficulty is that there was no showing that the diesel was throwing out soot or fire—nor that it ever had. The same witness who had referred to seeing some inflammable material emitted by a diesel also said that he had never known one to start a fire. If counsel's argument had had factual support, the case would be one for the jury. The unsupported statement of counsel, however, is not evidence.

■ Appellant having moved for a directed verdict and for judgment n. o. v., we are authorized to direct the entry of judgment for the appellant. Coca Cola Bottling Works v. Bingham, Ky., 277 S.W.2d 468; Ingram v. Galliher, Ky., 309 S.W.2d 763; Hoskins v. Hoskins, Ky., 316 S.W.2d 368.

The judgment is reversed with direction to enter judgment for appellant pursuant to its motion for judgment n. o. v.