## Wagner Coal & Coke Company and London Guarantee & Accident Company v. Lulu Gray, Guardian for Mary Spurlock, et al.

(Decided March 24, 1925.)

### Appeal from Bell Circuit Court.

Master and Servant—Newly Discovered Evidence Not Grounds for Reopening Compensation Case.—Where compensation had been awarded, newly discovered evidence that employer's name had been put at head of compensation register without authority and that therefore deceased had not signed register, and also that deceased was not killed in course of his employment, held not proper grounds for reopening case within Ky. Stats., section 4902, since parol evidence offered should, by ordinary prudence,

have been produced at trial; facts being presumably in knowledge of employer.

SAMPSON & SAMPSON and C. T. DOTSON for appellants.

W. J. STONE and M. G. COLSON for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

The Chappell Coal Company operated for a short time a coal mine and then sold it to the Phillips Coal Company, who later sold it to the Wagner Coal Company. After the last sale Dan Spurlock was killed in the mine on October 12, 1920. Claim for compensation was filed by appellees before the Workmen's Compensation Board on January 25, 1921. Proof was taken and the case was heard before the board on April 11, 1921; an award was made in favor of appellees on January 21, 1922. On that hearing the issue made, and on which the proof was taken, was whether Dan Spurlock had signed the compensation register of the Wagner Coal Company. The register was produced showing the name of the Wagner Coal Company at the head of the page and the name of Dan Spurlock, among others, on the page, and it was shown by testimony that Dan Spurlock had regularly signed the register. In November, 1922, the Wagner Coal Company filed a motion before the board to reopen the case and in support of the motion filed the affidavits of James Pruitt, E. M. Wagner and C. T. Dodson. The board overruled the motion. In December, 1922, the Wagner Coal Company filed this action in the Bell circuit court to set aside the order of the board refusing to open the case. At the February term, 1923, the court dismissed the petition. On September 17, 1923, the appellants prosecuted this appeal to this court from the judgment of the Bell circuit court. Section 4902, Kentucky Statutes, provides:

"Upon its own motion or upon the application of any party interested and a showing of change of conditions, mistake or fraud, the board may at any time review any award or order, ending, diminishing or increasing the compensation previously awarded, within the maximum and minimum provided in this act, or change or revoke its previous order, sending immediately to the parties a copy of its subsequent order or award. Review under this section shall be

had upon notice to the parties interested and shall not affect the previous order or award as to any sums already paid thereunder.''

An application under this section is in effect an application for a new trial and is governed by the rules applicable to the granting of new trials. One of these rules is that a new trial will never be granted on account of newly discovered parol evidence which should by ordinary prudence have been produced at the trial. To hold otherwise would be to encourage parties to take their chances on winning the case without looking up the facts and would make the work of the board practically indeterminable. The new evidence offered here was to the effect that the book introduced before the board as the compensation register was not the register of the Wagner Coal Company and that its name had been put at the head of the page without authority. The new evidence also was to the effect that Dan Spurlock was not killed in the course of his employment. But both of these matters were necessarily involved on the first hearing of the case. Considerable evidence was taken then on the first point. No evidence was taken on the second beyond a showing of when and how Spurlock was killed in the mine after he had signed the compensation register. The coal company was then put on notice of the necessity of proving the very facts which it now offers to prove. It knew then as well as it knows now its own register. It knew then as well as it knows now the course of Spurlock's employment, or if it did not know these things it could have known them by the slightest diligence, and it was its duty then to look up the facts and make the proof. If it did not do so it cannot be heard now to complain, for every fact which it now proposes to prove was a matter presumably within its knowledge. To grant a new trial on such a showing as we have here without a showing that the company was misled in any way or was prevented by any means beyond its reasonable control from learning the facts, would be to entirely destroy the value and effect of the awards of the board. The board, therefore, properly refused to open the case and the circuit court properly so held.

Judgment affirmed.