## Kentucky Wagon Manufacturing Company, et al. v. Esters.

(Decided June 17, 1927.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

Master and Servant.—Where employee moved in due time to reopen compensation case, under Workmen's Compensation Act (Ky. Stats., section 4902), on the ground that, by reason of mistake on the original hearing, evidence was not presented that would have been presented otherwise, and he failed to properly offer to introduce witnesses who were then available, and on denial of the motion failed to appeal within the time allowed by section 4935, a subsequent motion to reopen case in order to introduce the same witnesses was too late, in view of section 4934, it being essential that there should be an end to cases arising under the Workmen's Compensation Act.

ROBERT F. VAUGHAN for appellants.

ROBERT HUBBARD for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellee, Henry Esters, on April 7, 1925, filed an application for compensation before the Workmen's Compensation Board, in which he claimed to have suffered an accident arising out of and in the course of his employment at the plant of appellant, Kentucky Wagon Manufacturing Company. He claimed that some foreign substance was blown into his right eye while he was

working at the plant, and that the wound afterwards became infected and, that the eye was enucleated by Dr. Maupin, of Louisville.

On April 20, 1925, the case was heard before the board at Louisville, Ky., the appellee being represented by Mr. Felix M. Dumas, who was not a lawyer but was a former member of the Compensation Board. On May 19, 1925, the Compensation Board dismissed appellee's application for compensation on the ground that he had failed to prove that the enucleation of his eye resulted from the accident. The board in its finding said:

"The doctors who waited on him and who performed the operation are not introduced, and the board is without any testimony as to the cause or reason for the enucleation of the eye, save the testimony of the plaintiff that some foreign matter was found in this eye some days prior to the enucleation. The burden of proof is upon the plaintiff to show that the injury or disability for which he seeks compensation was the result of an accident that arose out of and in the course of his employment."

The appellee then employed a lawyer, who, 4 days after the decision of the board was rendered, filed a motion before it to reopen the case, under section 4902, Kentucky Statutes, on the ground of mistake, and requesting that he be permitted to introduce additional proof and to introduce the doctors who had treated him for the loss of his eye, but without filing an affidavit showing what the testimony of these witnesses would be. On June 2, 1925, the Compensation Board entered an order overruling this motion, and no further steps were taken until nearly 4 months later, when appellee employed other attorneys who filed a motion to reopen the case, under section 4902 of the Kentucky Statutes, on the ground that the claimant, when he employed Dumas believed that Dumas was a lawyer duly admitted and licensed to practice law, and that he did not learn that Dumas was not a lawyer until after his claim had been dismissed; that by reason of his mistake in employing one not a lawyer, though believing him to be such, his substantial rights had been materially affected as evidence was not presented to the board that otherwise would have been presented. This motion to reopen the case was overruled by the board, and the claimant then filed his petition for review in the circuit court, in which sub-

stantially the same averments are made as were made in the motion before the board to reopen the case. A demurrer was filed to the petition for review, which the court overruled. The Kentucky Wagon Manufacturing Company then filed an answer to the petition for review which was in two paragraphs, the first paragraph merely traversing the averments of the petition. In the second paragraph of the answer it was alleged that on May 22, 1925, a regularly licensed and practicing attorney at the Louisville bar filed a motion for review on behalf of the petitioner before the Workmen's Compensation Board. A demurrer to the second paragraph of the answer was sustained, and, the Wagon Manufacturing Company having declined to plead further, a judgment was entered ordering the case remanded to the Workmen's Compensation Board for further proceedings. From that judgment this appeal is prosecuted.

Section 4934 of the Kentucky Statutes provides that if application for review is made to the board within 7 days from the date of the award, the full board shall review the evidence, or, if deemed advisable, hear the parties at issue, their representatives, and witnesses, and shall make an award and file the same in like manner as when the first hearing was had.

Section 4935, Kentucky Statutes, provides that within 20 days after the rendition of the final award either party may appeal to the circuit court.

The first attorney, who represented the claimant and who filed a motion to reopen the case, did not make any showing as to what the doctors would testify if a hearing before the full board were granted, nor after the motion was overruled was any appeal taken to the circuit court. It was then open to the appellee to correct any mistake that had been made at the first hearing when he was not represented by a lawyer as he could have shown what the witnesses that had not been introduced at the first hearing would testify. If the board had refused to hear these witnesses then his remedy was an appeal to the circuit court. It is not claimed that any proof was available when the second motion to reopen the case was made that was not available when the first motion was made. The second motion was really, in effect, a repetition of the first motion.

It is just as essential that there should be an end to litigation in cases arising under the Workmen's Compensation Act as in other cases. In Wagner Coal & Coke Co.

v. Gray, 208 Ky. 152, 270 S. W. 721, in construing section 4902, Kentucky Statutes, we said:

"The coal company was then put on notice of the necessity of proving the very facts which it now offers to prove. It knew then as well as it knows now its own register. It knew then as well as it knows now the course of Spurlock's employment, or if it did not know these things it could have known them by the slightest diligence, and it was its duty then to look up the facts and make the proof. If it did not do so it cannot be heard now to complain, for every fact which it now proposes to prove was a matter presumably within its knowledge. To grant a new trial on such a showing as we have here without a showing that the company was misled in any way or was prevented by any means beyond its reasonable control from learning the facts, would be to entirely destroy the value and effect of the awards of the board. The board, therefore, properly refused to open the case and the circuit court properly so held."

The appellee insists that his mistake in employing one, not an attorney, to represent him was not discovered until shortly before the second motion to reopen the case was made; that his substantial rights were prejudiced, and the mistake was such as to entitle him to have the case reopened, under section 4902, supra. He also insists that the Compensation Board made a mistake in permitting one, not a lawyer, to appear before it.

It is unnecessary to pass upon either of these questions, however, since we have seen that appellee did employ a lawyer within 4 days after the award was made and in time to correct any errors, if any, that had been made by the layman who had been employed by him in the first instance. Having failed on the occasion when the first motion to open the case on the ground of mistake was made either to offer in a proper manner to introduce the witnesses who were then available, or to take an appeal from the order of the board overruling his motion within the time provided by law, the second motion which sought to secure the same result, i. e., the introduction of witnesses whose absence upon the first hearing is complained of, is too late.

Judgment is therefore reversed with directions to sustain the demurrer to the petition.