## Southern Mining Company v. Collins.

(Decided December 16, 1927.)

Appeal from Bell Circuit Court

1. Master and Servant.—In proceedings under Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq.), finding of board or any member thereof on question of fact where any evidence supports such finding is conclusive.

2. Master and Servant.—Where appeal is taken to circuit court from order of board or member thereof under Workmen's Compensation Act (Ky. Stats., secs. 4933, 4934), circuit court must, under section 4935, hear case on record or abstract thereof as certified by board, and may introduce no new evidence, except to show fraud or misconduct in administration of law affecting order or ruling or award.

3. Master and Servant.—Where claimant sought to secure award under Workmen's Compensation Act (Ky. Stats., sec. 4933), against employer for death of husband, and member of board denied award and she did not appeal to circuit court within 20 days after order was entered or ask for review by full board and appeal from

order of full board within 20 days after it was entered, held claimant lost right to complain about finding of member of board.

4. Master and Servant.—Where claimant under Workmen's Compensation Act sought to secure award for death of husband, and member of board refused award and after statutory time for reviewing appeal had expired sought relief under Ky. Stats., sec. 4902, allowing board on its own motion or upon application of any party interested and showing changed conditions, mistake, or fraud at any time to review award or order, affidavits which showed neither change of conditions nor fraud but only that member of board may have been mistaken as to law governing case held insufficient to justify opening award.

5. Master and Servant.—Where claimant seeking compensation, tried by motion to reopen case, after award had been denied, by presenting affidavits which contained nothing that might not have been determined by circuit court on appeal there being nothing to show facts were considered by member of board at first hearing or that facts were known to claimant at time or thereafter discovered, held such showing would not justify board in reopening case under Ky. Stats., sec. 4902.

LOW & BRYANT for appellant.

JAMES S. GOLDEN for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

James Collins, who was the husband of appellee, had been employed by appellant for several years before his death. He worked for the appellant in a dual capacity at its coal plant at Tejay, Ky. A portion of the time he worked as a coal loader, and a portion of his time he acted as a peace officer in patrolling the mining camps of appellant. He was a deputy sheriff at the time of his death. On the day that he was killed he was attempting to make an arrest on the premises of appellant when he was shot by one of the offenders and instantly killed.

In October following his death in July, 1923, appellant made a report of his death to the Workmen's Compensation Board. In that report appellant stated that Collins was not an employee of the company at the time of his death. In June, 1924, the appellee made application to the Workmen's Compensation Board for an award in her behalf on account of the death of her husband. In her application she stated that appellant denied liability in whole or in part on the ground that her husband was employed by it to patrol its camp and to keep the peace, and in the discharge of that duty he was

killed by another person. In her application she stated that her husband was a deputy sheriff for the special benefit of appellant and was attempting to arrest one McKinley Adams on the premises of appellant in the discharge of his duty when he was shot and killed by Adams. She stated that Adams was engaged in disturbing the peace at the time her husband attempted to arrest him.

A hearing was had on her application before one of the members of the Workmen's Compensation Board on March 17, 1925. At that time an order was entered denying her compensation. The order recited that appellee had failed to meet the burden of proof that the accident resulting in her husband's death arose out of and in the course of his employment.

If any proof was taken at the hearing it is not certified as a part of the record. As the record stands, it appears that compensation was denied on the ground that the application filed by appellee did not show that she was entitled to compensation.

On September 2, 1926, the appellee entered a motion before the Workmen's Compensation Board to reopen the case and to grant her a trial, and in support of the motion she filed a number of affidavits detailing the facts in relation to the employment of her husband at the time of his death. No ground for reopening the case is set out in the motion. The affidavits which were filed with the motion tend to show that appellee was entitled to compensation. There is nothing in the record to show whether the evidence which the affiants stated they would give was presented on the first hearing, and there is nothing to show why the evidence was not presented at that time. On November 4, 1926, the board overruled the motion to reopen the case.

On November 15, 1926, appellee filed her petition on appeal in the Bell circuit court, and, upon final hearing, the circuit court adjudged that appellee was entitled to compensation at the rate of $12 per week until $4,000 had been paid.

Section 4933, Ky. Stats., authorizes the board, or any of its members, to hear the parties at issue and their representatives and witnesses and to determine the dispute in a summary manner. The award, if made, together with a statement of the findings of fact, rulings of law, and other matters pertinent to the question at issue,

shall be filed wih the record of the proceedings. The order made by a member of the board in this case shows that the appellee did not establish the fact that her husband was killed in the course of his employment. We cannot disturb the findings of the board or any member thereof on a question of fact where there was any evidence to support the finding. The application filed by appellee before the board briefly detailed the facts relating to the death of her husband, and as there is no evidence in the record given on the hearing before the board, it may be that we should assume that the member of the board decided the matter alone on the facts found in her application.

If one applying for compensation is not satisfied with findings of a member of the board he may make an application for review of the whole board within seven days from the date of the award, and upon such an application it is the duty of the full board to review the evidence, or, if deemed advisable, the full board may hear the parties at issue and their representatives and witnesses and shall make an award and file the same in like manner as specified in section 4933, Ky. Stats. These provisions are found in section 4934, Ky. Stats.

By the provisions of section 4935, Ky. Stats., the award or order by a member of the board as provided in section 4933, or by the board in section 4934, shall be conclusive and binding as to all questions of fact; but either party may within 20 days after the rendition of such final order or award of the board by petition appeal to the circuit court for review of such order or award. In the circuit court no new or additional evidence may be introduced except as to the fraud or misconduct of some person engaged in the administration of the law and affecting the order, ruling, or award. The circuit court must hear the cause upon the record or abstract thereof as certified by the board. The review by the circuit court is limited as provided in the last-mentioned section.

If the order entered by the member of the board did not do justice under the law to appellee, she should have appealed to the circuit court within 20 days after the order was entered, or she may have asked for a review by the full board, and her appeal should then have been taken from the order of the full board, within 20 days after it was entered. This is the construction placed on section 4935, Ky. Stats., in the case of Hollenbach Co. v. Hollenbach, 181 Ky. 262, 204 S. W. 152, 13 A. L. R. 524.

It is plain that appellee lost any right to complain about the finding of the member of the board unless there is some other section under which she may have relief. She insists that she is entitled to relief under the provisions of section 4902, Ky. Stats. This section allows the board upon its own motion, or upon the application of any party interested and a showing of changed conditions, mistake, or fraud, at any time, to review any award or order ending, diminishing, or increasing the compensation previously awarded, or to change or revoke its previous order. The right of the board to reopen a case depends upon a showing of a changed condition, or mistake or fraud. In the motion for a reopening of this case neither change of conditions, mistake, or fraud is relied upon. In fact, no reason is given in the motion to reopen the case except such reasons as may be found in the affidavits attached to the motion. These affidavits go no further than to show, or tend to show, that the member of the board when he entered the original order either decided the case contrary to the facts or contrary to the law. No effort is made in the affidavits to show a change of conditions, and neither is there any effort to show that any fraud was practiced by any one, and that leaves no other ground on which the case could be opened except that of mistake. If the affidavits should be considered as competent evidence on the motion to reopen, and we do not decide whether they are competent as evidence under such a proceeding, they do not show any mistake other than that the member of the board entering the order may have been mistaken as to the law governing the case. We cannot assume that he was mistaken as to the facts as there is nothing in the record showing that any evidence was presented to him for his consideration, and in the absence of the evidence heard by him, if any, we must assume that there was evidence on which he based his findings.

Moreover, we find no provision in the Statutes specifically allowing an appeal to the circuit court from an order of the board refusing to reopen the case; but the right of appeal in such cases has been approved by this court. Wagner Coal & Coke Co. v. Gray, Guardian, 208 Ky. 153, 270 S. W. 721; Kentucky Wagon Mfg. Co. v. Esters, 221 Ky. 63, 297 S. W. 811; Gorenz v. United States Coal & Coke Co., 212 Ky. 344, 279 S. W. 343. Still, we are confronted with the provision of the law that the circuit court must hear the cause upon the record or

abstract thereof as certified by the board.   Treating the affidavits as evidence heard by the board on the motion to reopen the case, without deciding whether they are competent, we do not find in them anything which may not have been determined by an appeal to the circuit court from the order made by a member of the board if the case had been properly prepared and the appeal taken within 20 days after the order was entered.   If this is true the board acted correctly in refusing to reopen the case.   There is nothing to show whether the facts presented in the affidavits were considered by the member of the board at the first hearing, and, if not so presented, there is nothing to show whether the facts were known to appellee at the time or thereafter discovered.   Under the authority of Wagner Coal & Coke Co. v. Gray, Guardian, supra, the appellee made no showing justifying the board in reopening the case, and the ruling of the board on the motion was correct.

Judgment reversed, and cause remanded, with directions to dismiss the petition for appeal.