## Collinsworth v. Harvey Coal Corporation.

Dec. 19, 1941.

Chester A. Bach for appellant.

Craft & Stanfill for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

On November 9, 1936, the appellant, Hamilton Collinsworth, filed his application for compensation with the Workmen's Compensation Board, in which it was averred that the appellant, on May 12, 1936, sustained an accident growing out of and in the course of his employment with appellee which resulted in a compound fracture of both ankles and cuts and bruises to his right foot.

In support of his claim appellant and three physicians testified at a hearing before a referee. These physicians testified that appellant had sustained a seventy-five percent permanent partial disability as a result of his claimed injuries. For the appellee six physicians testified as to the extent of injury, most of them stating that he had sustained permanent partial disability of from five to ten percent.

On June 2, 1937, a Full Board award was entered, awarding appellant temporary total disability for a period of twenty weeks at $15 per week, except for the first week of disability, and ten percent permanent partial disability to the body as a whole at the rate of $1.20 per week for a period of 315 weeks.

On June 10, 1938, the following motion was entered before the Board:

"Comes the plaintiff, Hamilton Collinsworth, and moves the Board to set aside and vacate the award made herein on the second day of June, 1937, and to permit the plaintiff to take additional proof and in support of said motion files affidavits."

The affidavits filed in support of the motion were those of five physicians who had examined appellant, setting forth the physical condition and the extent of his injuries, and the affidavit of appellant himself. The

affidavits of the physicians were to the effect that appellant was suffering from a permanent partial disability of from sixty to seventy-five percent. The affidavit of appellant stated facts concerning his physical condition which he had previously testified to and as grounds for setting aside the award merely stated that he did not possess the means to compete with the appellee in the employment of doctors and therefore had not had more than the three physicians appearing as witnesses on the original hearing to testify for him. He further stated in the affidavit "that this was not necessary in the trial of compensation cases," meaning, evidently, that he had been advised by his attorney that it was not necessary in the trial of compensation cases to have as much testimony as is usual in other types of cases. He further stated that he was forced to borrow money to defray his expenses and to procure his evidence and that he is indebted to his attorney for such money. He stated that since the original award was made he had consulted with eight doctors, other than the original three who had testified, and that each and all of them had stated to him that he had a permanent disability of seventy-five percent.

On June 15, 1937, the Board overruled this motion but on June 20, 1937, no further showing having been made, set aside its order of June 15 overruling the motion and entered an order reopening the case "for the purpose of permitting additional proof to be taken on question of extent and duration of disability."

After the reopening of the case the appellant took the depositions of four physicians and a number of lay witnesses as to the extent of his disability. Upon submission, after the taking of the additional proof, the Board awarded twenty weeks' temporary total disability at the rate of $15 per week and fifty percent permanent partial disability to the body as a whole at the rate of $6 per week for a period of 315 weeks.

On April 30, 1938, within twenty days after the rendition of the last award, the appellee filed its petition for review in the circuit court setting out the facts and requesting a remand to the Board with directions to set aside the last award and to substitute in lieu thereof the original award of June 2. This relief was granted by the circuit court and from that judgment the appeal is prosecuted.

A Full Board award becomes final immediately upon entry. Lena Rue Coal Co. v. Brewer, 213 Ky. 327, 280 S. W. 1097; Carrs Fork Coal Co. v. Scott, 204 Ky. 656, 265 S. W. 19; Junior Oil Co. v. Byrd, 204 Ky. 375, 264 S. W. 846. And the only provision of the Workmen's Compensation Act dealing with the right of the Board to review an award, or change or revoke its previous order, is that contained in Kentucky Statutes, Section 4902, which gives such right to the Board upon a showing of changed conditions, mistake or fraud. Southern Mining Co. v. Collins, 222 Ky. 388, 300 S. W. 896, 897. The motion filed in this case before the Full Board to set aside the original award was in no sense based upon a showing of changed conditions, mistake or fraud —it merely requested a setting aside of the award ''to permit the plaintiff to take additional proof.'' In Southern Mining Co. v. Collins, supra, and in Washington v. Clover Fork Coal Co., 269 Ky. 604, 108 S. W. (2d) 502, 505, it was held that the Board was without power, after the statutory time for reviewing an appeal had expired, to set aside an award where there was no showing of change of conditions, fraud or mistake. In the latter case the Board upon its own motion, acting under the assumption that the previous award was erroneous, set aside the award and rendered another. This court, in denying its right to do so, said ''the board's asserted authority to adopt such a rule upon the assumed analogy of this court's right to hear a petition for rehearing is not in point, in that this power is clearly vested in the court, without any statutory or other restriction imposed upon its exercise by the court, such as applies in the case of the board.'' In the concluding paragraph of the opinion the court said that an award by the Full Board was a final disposition of the case and that the aggrieved party's only remedy was by an appeal to the circuit court within twenty days thereafter for a review of that decision pursuant to Section 4935, Kentucky Statutes.

In Wagner Coal & Coke Co. v. Gray, Gdn., 208 Ky. 152, 270 S. W. 721, where compensation had been awarded, it was held that newly discovered evidence that deceased had not signed the register and that he was not killed in the course of his employment did not furnish grounds for reopening the case where such evidence should, by ordinary diligence, have been produced at the trial. It was there said that ''an application

under this section [Section 4902] is in effect an application for a new trial and is governed by the rules applicable to the granting of new trials.''

In all the cases referred to, the reopening, or motion to reopen, was made more than twenty days after the rendition of the award. Even though it be assumed, arguendo, that within the twenty-day period provided by Section 4935, within which an appeal may be taken to the circuit court for a review of an award, a new trial may be granted under the ordinary rules applicable to the granting of new trials, it is apparent that no such showing was made in the instant case as to justify the Board in granting a new trial and setting aside the award. One of the rules governing the granting of new trials is that a new trial will never be granted on account of newly discovered evidence which should by ordinary prudence have been produced at the trial. Another rule is that a new trial will not be granted for newly discovered evidence which is merely cumulative unless such cumulative evidence is sufficient to read clearly that which was a doubtful case or unless it is of such conclusive or controlling character that it would probably change the result. Here there was no showing of diligence whatsoever in obtaining the additional evidence—there is no pretense that such diligence was used. Appellant, as far as the showing made by him goes, could have produced the additional evidence on the original hearing just as easily as he did on the second hearing. The excuse offered for failure to do so is wholly insufficient. In addition, the newly discovered evidence set out in the affidavits and taken later by depositions was purely cumulative and not of the conclusive and controlling character requisite to the granting of a new trial. To sustain the action of the Board setting aside the award in this case on the showing made would be to place the seal of approval on permitting a litigant to experiment with the tribunal trying his case and having the case reopened for further experiment where the result was not satisfactory. This should never be done, as pointed out in Moore v. Louisville Hydro-electric Co. et al., 223 Ky. 710, 4 S. W. (2d) 701, in which this court sustained the action of the Workmen's Compensation Board in refusing to reopen the case within the twenty-day period provided for appeal to permit a claimant to introduce additional evidence where no showing of diligence to obtain that evidence was established.

Were we to sustain the action of the Board in setting aside the award there would be no finality to its awards and no end to litigation. Under such a practice the Board could set aside its award for no valid reason whatever on the application of either party to permit the introduction of new evidence and thus prolong the litigation interminably. Such practice can in nowise be countenanced.

Judgment affirmed.