**Russell CRUM, Appellant,**

**v.**

**PRINCESS COALS, INC., etc., et al.,
Appellees.**

Court of Appeals of Kentucky.

Feb. 20, 1970.

Rehearing Denied May 22, 1970.

**10**

---

Robert J. Greene, Perry & Greene, Paintsville,· for appellant.

Fred G. Francis, Howard, Francis & Howard, Prestonsburg, for Princess Coals, Inc.

Martin Glazer, Dept. of Labor, Frankfort, for Special Fund.

NEIKIRK, Judge.

The Kentucky Workmen's Compensation Board denied appellant Russell Crum's claim for workmen's compensation benefits, finding that he had failed to establish that he had contracted pneumoconiosis and/or silicosis. Appellant filed a petition for reconsideration and incorporated a "motion to hold case. in abeyance pending completion of lung biopsy." As an alternative, appellant requested the Board to defer its decision on the petition for reconsideration and hold the proceedings in abeyance for a period of sixty days, so that appellant could submit to a lung biopsy and so that his doctor's deposition could be taken. The Board overruled the petition and motion. Crum appealed, and the trial court affirmed; hence this appeal. We affirm.

The motion filed before the Board to reconsider the case was not based on a showing of changed conditions, mistake, or fraud, as contemplated by KRS 342.125. It was a request to permit appellant to obtain additional proof and to submit newly-discovered evidence.

Appellant had fifteen months after he filed his claim to perfect his case before submitting it to the Board. He could have had the lung biopsy performed and could have submitted medical evidence as to the findings. Instead, appellant waited until after he had received an adverse ruling from the Board before he complained that he should have been permitted to have a lung biopsy so that he could introduce further proof of his alleged diseased condition.

Had appellant exercised ordinary prudence and diligence, the results of the lung biopsy could have been produced prior to the final determination by the Board. In Collinsworth v. Harvey Coal Corporation, 288 Ky. 704, 157 S.W.2d 294, we held that it was not proper for the Board to set aside or change an order to permit the taking of additional proof, or because of "newly-discovered evidence" which, by ordinary prudence, could have been produced.

Appellant further complains that the trial court, under KRS 342.285(4),

should have permitted him to present evidence to make a "showing of fact" in his effort to obtain a remand of his case to the Board for "the introduction and consideration of newly-discovered evidence." Appellant moved the trial court for permission to take the deposition of the doctor who had performed the lung biopsy between the date of the final order of the Board and the date the case was considered by the trial court. The trial court, after considering the written report and findings of the doctor, refused. There was no finding of either pneumoconiosis or silicosis by the doctor as a result of the lung biopsy. Had the deposition of the doctor been permitted to be introduced, his testimony would have been merely additional and cumulative. The trial court did not err. KRS 342.285(3).

The judgment is affirmed.

All concur.