**TUTOR KEY COAL CO. et al., Appellants,**

**v.**

**Thomas DANIEL et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 19, 1971.

Fred G. Francis, Howard, Francis & Howard, Prestonsburg, Martin Glazer, Dept. of Labor, Frankfort, for appellants.

Robert J. Greene, G. C. Perry, III, Perry & Greene, Paintsville, for appellees.

DAVIS, Commissioner.

Claiming to be totally and permanently disabled by silicosis, Thomas Daniel asserted a claim for workmen's compensation. KRS 342.316. Upon conflicting evidence, the Board held against Daniel, finding that Daniel "does not have the occupational disease of silicosis but rather that he has other non work-connected respiratory problems, with his disability therefrom being non-compensable."

Prior to the Board's decision, Daniel twice moved the Board to withhold decision in the matter in order that he might obtain a biopsy with the view of presenting further evidence in support of his claim. The Board overruled both motions and shortly thereafter rendered its decision adverse to Daniel.

An appeal to the Johnson Circuit Court was taken by Daniel, resulting in an adjudication remanding the proceeding to the Board with directions to reopen the case to permit the biopsy and evidence of its result. The circuit court directed that the Board award Daniel compensation based on total, permanent disability upon the Board's failure to permit the biopsy upon remand.

The employer and the Special Fund appeal from the circuit court adjudication, contending that (1) the appeal should be dismissed because the Board was not named as a party on the appeal to the circuit court; (2) the Board's findings are conclusive, being based upon the Board's resolution of conflicting evidence; and (3) the Board's rulings concerning the biopsy were proper.

KRS 342.285 requires that the Workmen's Compensation Board be named as respondent in the proceeding in circuit court for review of a ruling of the Board. Admittedly, the petition for review (filed in circuit court on March 10, 1967) did not name the Board in its caption. However, the record discloses that the Board's original record was duly filed in the circuit

court on April 20, 1967, following which the employer and Special Fund moved for submission of the case on April 26, 1967. Nothing in the record suggests that the present appellants raised any question in the circuit court relating to the failure to specify the Board as a party in the caption of the petition for review. It is apparent that the parties and the circuit court regarded the proceeding as if the Board had been duly named (it seems to have been appropriately served with summons, since its original record was promptly filed as required). In these circumstances, no claim of error is presented for appellate review on this ground. Pittsburgh & Midway Coal Mining Co. v. Rushing, Ky., 456 S.W.2d 816; Robinson Tool & Die, Inc. v. Gross, Ky., 432 S.W.2d 443. Cf. Turner Day & Woolworth Handle Co. v. Pennington, 250 Ky. 433, 63 S.W.2d 490.

The second point urged by appellants is irrelevant. Of course, it is well settled that the court may not substitute its view for that of the Board as to the weight of the evidence on factual issues. KRS 342.-285(3). But, the judgment on appeal is not one in which the court sought to substitute its judgment for that of the Board on a factual question. The sharp question is whether there was basis for the court to adjudge that the Board's order, decision, or award is arbitrary or capricious, or characterized by an abuse or clearly unwarranted exercise of discretion. KRS 342.285(3) (e).

To evaluate that question it is necessary to relate some details of the proceedings before the Board and the background of the controversy. The appellants concede that Daniel is totally disabled, but assert that his condition stems from non-work-connected causes. Of course, Daniel undertook to prove that his disability is the result of the work-connected disease of silicosis. Medical testimony was presented by several physicians, and it is in direct conflict. After the case was submitted, but before a decision was reached, the Board, on its own motion, pursuant to KRS 342.-315, appointed Dr. Allen L. Cornish of

Lexington as a disinterested examining physician. Daniel was directed to submit himself on November 9, 1966, for examination by Dr. Cornish. The Board's order noted that Dr. Cornish's deposition would be taken on a date to be assigned.

Dr. Cornish examined the claimant on November 9, 1966, and reported his findings the next day. Included in his report was:

> "Chest x-ray impression: (1) No x-ray evidence of pneumoconiosis or pulmonary emphysema. (2) No active pulmonary disease demonstrated."

> \*   \*   \*   \*   \*   \*

> "In my opinion Mr. Daniel is suffering from chronic bronchitis with some obstructive pulmonary disease but has no evidence of silicosis or emphysema. I believe that he is disabled as far as manual labor is concerned."

By an order dated December 2, 1966, the Board fixed the time for receiving Dr. Cornish's testimony as December 15, 1966. On November 28, 1966, after Dr. Cornish had examined Daniel and made his initial report, but before the Board's order fixing a date for the taking of his deposition, Daniel moved the Board to appoint a disinterested physician to perform a biopsy upon him to determine whether his condition is silicotic. The motion requested that this procedure be paid for by the Board on the basis of asserted indigence of the claimant. The motion sought deferment of final decision by the Board until the result of the biopsy could be learned and presented in evidence. The parties, by counsel, filed several memorandum briefs for and against the motion to permit a biopsy. The Board overruled the motion on January 12, 1967.

Meanwhile, Dr. Cornish gave his deposition on December 15, 1966, reiterating the substance of his earlier report. Dr. Cornish testified that Daniel exhibited classical symptoms of silicosis, but that the Xrays failed to disclose the disease. When

asked whether biopsy is the most exact method for determining the presence of silicosis, he responded, "I would assume so."

On January 17, 1967, after the Board's adverse ruling of January 12, Daniel moved the Board to permit him to take the deposition of Dr. Richard F. Hinch, who had examined Daniel incident to a Social Security claim. In this motion it was asserted that Dr. Hinch's report had theretofore been unavailable because of government regulation, but that he had now learned that Dr. Hinch had diagnosed his condition as stage 1 pneumoconiosis. This motion, in the alternative, requested the Board to withhold its decision and to allow him to "take a biopsy at his own expense."

On Januray 26, 1967, the Board dispatched a copy of its order of January 24, 1967, overruling Daniel's motion to take the deposition of Dr. Hinch. That order was silent, as is the Board's record, as to any ruling on Daniel's request that the decision be deferred to permit a biopsy at his own expense. The Board's opinion was handed down February 20, 1967, denying Daniel's claim.

The record in this proceeding points up the difficulties which are often encountered in diagnosing silicosis. The Board itself felt a need to secure additional evidence after the parties had rested. This was entirely appropriate. KRS 342.315. When the report of Dr. Cornish was thus added to the testimony, the claimant promptly sought an opportunity to present what he believed might be dispositive evidence, obtained through a biopsy. No justifiable basis appears for the Board's denial of his opportunity to do so.

■ Viewed in light of the statutory mandate for liberal legal interpretation, KRS 342.004, the Board's refusal to afford Daniel the opportunity to submit the result of a biopsy was a clearly unwarranted exercise of discretion proscribed by KRS 342.285(3) (e). On Daniel rested the burden of proof, the risk of nonpersuasion.

When he rested his case, he reasonably may have believed that the quantum of his evidence was adequate. His retreat from that posture was understandable in light of the Board's *sua sponte* reopening of the case. In these circumstances, he was entitled to a reasonable opportunity to adduce the evidence he sought to present. In balancing the opposing considerations, it will be noted that Daniel risked losing a substantial monetary claim, opposed to the relatively slight delay in the Board's reaching a final, more enlightened conclusion. It is true that appellants' exposure to ultimate liability may have been enhanced, and certainly their absolution from liability would have been delayed briefly. But, these considerations do not balance against those favoring Daniel's position.

■ In summary, and to avoid misinterpretation, it is noted that the scope of this opinion is limited to holding that in this type case, when the employee offers to submit to a biopsy at his own expense and the Board-appointed physician attests to the determinative character of such procedure, the Board should permit the biopsy and a report of its result, providing appropriate opportunity for adversary parties to observe the medical procedures, if the motion for the biopsy is made prior to a decision of the case on its merits.

The result reached here does not collide with the ruling in Crum v. Princess Coals, Inc., Ky., 453 S.W.2d 9. In Crum the Board had rendered its decision before the claimant asked leave to obtain a biopsy. In that case there was no reopening by the Board after submission, and certainly no timely motion for the biopsy after any report of an independent physician appointed pursuant to KRS 342.315. In Crum the policy considerations of orderly procedure dictated the result. Here, the same considerations dictate an opposite result.

It is concluded that the circuit court correctly remanded the proceedings to the Board with directions to permit a biopsy, but exceeded its authority in direct-

ing an award for full compensation in default of the Board's permitting a biopsy. It also appears that the order of remand should direct the Board to grant leave for additional medical evidence by either of the parties upon reasonable and timely request.

The judgment is affirmed in part and reversed in part, with directions to remand the proceedings to the Workmen's Compensation Board for further proceedings consistent with the opinion.

All concur.