John W. YOUNG, Commissioner of Labor, etc., and Ferrells Creek Coal Company, Appellants,

v.

Johnny SWINNEY and Workmen's Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

March 5, 1971.

Thomas R. Emerson, Martin Glazer, Department of Labor, Frankfort, E. R. Hays, Baird & Hays, Pikeville, for appellants.

Dan Jack Combs, Reed D. Anderson, Pikeville, for appellees.

REED, Judge.

John Swinney, an employee of Ferrells Creek Coal Company, injured his back

while engaged in the duties of his employment as a coal miner. He filed a claim for benefits provided by the Workmen's Compensation Act. The Workmen's Compensation Board determined Swinney's disability to be 45 per cent permanent partial from the date of the work-connected injury; 15 per cent of this determined disability was allocated as the employer's sole responsibility, and 30 per cent was allocated as the responsibility of the Special Fund, which was directed to reimburse the employer to that extent. Swinney, who claimed that he was totally and permanently disabled, appealed to circuit court.

In the circuit court, both the employer and the Fund insisted that the board's award was correct. The circuit court ruled that the board erred in not finding some temporary total disability for which Swinney was entitled to compensation benefits, and in this decision we concur. The circuit court also ruled, however, that the board must allow Swinney to introduce additional medical evidence, and then re-evaluate the extent of his disability, but in this ruling we do not concur. Upon this appeal by the employer and the Fund from the circuit court's decision, we affirm that part of the judgment which directs the board to find the period of Swinney's temporary total disability and award him compensation benefits for it; we reverse that part of the judgment which directs the board to reopen the award of 45 per cent permanent partial disability.

Swinney injured his back while working in August 1967. He had injured his back about 15 years before in an automobile accident. When he filed his claim, he named both his employer and the Fund as defendants. Soon after filing his claim, he requested the board to defer a disposition because his employer was voluntarily paying him temporary total disability benefits, and had agreed to continue these payments until March 1968. In June 1968, Swinney requested trial and disposition of his claim because his employer had "ceased making voluntary payments and that a controversy now exists as to the amount and duration of compensation due plaintiff." The board set an initial hearing in the case, which was held in July 1968 and at which it was stipulated: " * * * the plaintiff has been paid temporary total benefits by the carrier for the defendant company, leaving to be determined only the question of extent and duration of disability, if any."

After his injury at work, Swinney consulted his family physician, a general practitioner, Dr. Harvey Page. Dr. Page prescribed conservative treatment, and later recommended that his patient consult an orthopedic specialist, Dr. William Roland. Dr. Roland prescribed a back brace and rest. Both Dr. Page and Dr. Roland agreed that Swinney had sustained a fracture of the twelfth thoracic vertebra in his spine (T-12). Both also agreed that the fracture resulted from the work-connected injury. While Dr. Page, who testified at Swinney's behest, was of the opinion that his patient could no longer work in the mines, Dr. Roland, whose testimony was introduced by the employer, stated that the fracture had completely healed and that Swinney's ability to work would be unimpaired once he recovered from the fracture. Dr. Roland last examined Swinney in April 1968. It was his testimony that Swinney should be able to work in about two months from that time. Swinney's testimony was that he tried to work, but was unable to do so because it was too painful. Dr. Roland stated that Swinney after he returned to work would have a 15 per cent permanent functional impairment. This was the state of the evidence when the board ordered the case submitted for decision in February 1969.

■ Both of the physicians and Swinney by their testimony established that total disability from the time of the injury existed. Dr. Page said the total disability was permanent. Dr. Roland said the total disability became reduced to a partial disability when the fracture healed. Swinney claimed that he was still totally disabled.

The board's award determined that only partial disability existed from the time of the injury. This finding, of course, was clearly erroneous. The circuit court's action in respect to this feature of the case was correct. The board shall determine the period of temporary total occupational disability suffered by Swinney. The permanent partial occupational disability's commencement date shall be fixed by the board at that time which it finds that the temporary total occupational disability ceased. The period of total disability shall be deducted from the maximum period allowed for partial disability. The employer's previous payments shall be credited. KRS 342.100(3). In other words, the board must conform its award to the evidence and the provisions of the Workmen's Compensation Act.

When the case was submitted in February 1969, the medical evidence consisted of the testimony of Dr. Page and Dr. Roland. The board decided to appoint a disinterested physician under KRS 342.-121. In April 1969, the board appointed Dr. Robert Sexton, a neurosurgeon. Dr. Sexton filed his written report in June 1969. In this report, he advised the board that he found Swinney to be suffering from a 15 per cent permanent partial functional impairment; 5 per cent of this impairment he attributed to the work-connected injury; 10 per cent of the impairment he attributed to a cause which we must assume on the state of this record was one for which the Fund was liable. Swinney and the Fund filed written exceptions to the report. In July 1969, the board ordered that Swinney could take Dr. Sexton's deposition. The deposition was taken in September 1969. After this deposition was taken, Swinney requested the board to set aside the submission of the case and permit him to introduce additional medical evidence. The board denied the request. After the award was entered, Swinney petitioned the board to reconsider its action; he filed a written statement that physicians at a Veteran's Administration Hospital had found more extensive involvement of different vertebrae in Swinney's spine than had been found by either Dr. Page, Dr. Roland, or Dr. Sexton. The board again decided to terminate the case and left its award undisturbed.

The circuit court held that the board should have reopened the cause and admitted the additional medical evidence. In Fayette County Board of Education v. Phillips, Ky., 439 S.W.2d 319 (1969); Crum v. Princess Coals, Inc., Ky., 453 S.W.2d 9 (1970); and Tutor Key Coal Co. v. Daniel, Ky., 463 S.W.2d 932 (decided February 19, 1971), we considered the problem of judicial review of the board's action in reopening a claim or in refusing to receive additional evidence after submission of the case. It appears that the board has discretion to determine the issue. In this instance, the additional testimony would tend to contradict the claimant's own medical testimony. It would tend to contradict the finding of the board-appointed physician whose entry into the case can really only be justified because of the contradiction between the two physicians whom Swinney consulted concerning the extent of his disability. The proffered evidence is neither conclusive nor of a higher quality of credibility than the evidence that was admitted. The policies of finality and expeditious disposition of compensation claims were not overcome by the proffered evidence; nor was any miscarriage of justice demonstrated. The record fails to exhibit an abuse of the discretion vested in the board. Hence, the board's determination of 45 per cent permanent partial disability must stand.

The judgment is affirmed in part and reversed in part for entry of a new judgment in which the case will be remanded to the board for further proceedings consistent with this opinion.

All concur.