James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, et al., Appellants,

v.

Ervin HAMILTON and Workmen's Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

April 20, 1973.

pational disease (silicosis or pneumoconiosis) was rejected by the Workmen's Compensation Board on a finding that although Hamilton was totally disabled from a lung condition it was not due to any compensable occupational disease. On Hamilton's appeal to the circuit court, judgment was entered reversing the board's order and remanding the case to the board with directions to grant compensation for total disability.

The original judgment, entered February 11, 1972, was set aside, and ultimately, on August 28, 1972, it was reentered by order of the circuit judge. The Special Fund and Hamilton's employer took the instant appeal from the latter judgment. Hamilton has moved to dismiss the appeal on the ground that there was a reentry of the judgment, pursuant to order of the circuit judge endorsed on the back of the file jacket, on May 22, 1972; that this constituted the final judgment in the case, and the attempted appeal was too late because not taken within 30 days from May 22, 1972. The alleged endorsement on the file jacket is not copied in the record on appeal, so we are unable to determine whether it was in such form as to constitute a *signing* of the judgment, which is required by CR 58. In this state of the record we are unable to hold that there was a final judgment entered on May 22, 1972. Therefore, we are overruling the motion to dismiss the appeal in toto. We are sustaining, however, a motion to dismiss the appeal as to purported appellants Sterling Hamilton and Will Hamilton, since they were not named as appellants in the notice of appeal.

Gemma M. Harding, Louisville, Fred G. Francis, Prestonsburg, for appellants.

Scott Collins, Prestonsburg, for appellee Ervin Hamilton.

CULLEN, Commissioner.

Ervin Hamilton's claim for workmen's compensation for disability from an occu-

On the initial hearing before the board, the medical testimony was in conflict, some of the doctors stating their opinions that Hamilton had silicosis, and others testifying that they found no evidence of any occupational disease. The board appointed a disinterested physician, and he reported that he was "unable to demonstrate any evidence of silicosis or other occuptional dis-

ease." All of the medical opinions were based on X-rays.

Subsequently, a biopsy was performed. Dr. Hambley, who previously had given his opinion, on the basis of X-rays, that Hamilton had silicosis, testified that from the examination of the biopsy specimens, Hamilton had a lung condition attributable to his employment, although he based this primarily on the presence of coal dust in the lungs and indications of linear fibrosis, rather than on any evidence of the nodulations customarily identified with silicosis. However, the pathologist who had made a miscroscopic examination of the biopsy specimens reported that his findings did "not demonstrate the changes found in silicosis."

The appellants argue the standard proposition that the board's finding against Hamilton, who had the burden of proof, could not be set aside by the circuit court unless Hamilton's evidence was so strong that the board's finding against him was unreasonable. Hamilton maintains that his evidence was that strong, pointing to Dr. Hambley's testimony concerning the biopsy. In our opinion, Dr. Hambley's equivocal testimony of some unnamed occupational disease condition, not identified by the customary evidences of silicosis or pneumonconiosis, and wholly unsupported by the pathologist's report, was no stronger than Dr. Hambley's previous testimony, contradicted by other medical experts, that Hamilton's X-rays disclosed the existence of silicosis.

 Tutor Key Coal Co. v. Daniel, Ky., 463 S.W.2d 932, does not, as claimed by Hamilton, stand for the proposition that a biopsy is the most exact method of determining the existence of lung disease. It is true that Dr. Cornish testified in that case that "I would assume so." However, in the instant case he said that he did not know whether a biopsy "in this case" would be conclusive. It seems to us that the extent of conclusiveness of a biopsy would depend on the quality of testimony given in the particular case.

The judgment is reversed, with directions to enter judgment affirming the order of the Workmen's Compensation Board.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.