· Carl TYREE, Appellant,

v.

Lloyd BROWN, d/b/a Big 3 Coal Company, Lloyd Brown d/b/a Pole Coal Company, George R. Wagoner, Acting Commissioner of Labor of the Commonwealth of Kentucky, and Custodian of the Special Fund, and Kentucky Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

March 17, 1978.

Ronald G. Polly, Polly, Craft & Asher, Whitesburg, for appellant.

Forrest E. Cook, Whitesburg, for Lloyd Brown, d/b/a Big 3 Coal Co. & d/b/a Pole Coal Co.

Gemma M. Harding, Deputy Gen. Counsel for Appeals, Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for George R. Wagoner, Special Fund.

Before COOPER, HOWARD and PARK, JJ.

HOWARD, Judge.

This is an appeal from the Letcher Circuit Court which affirmed the Order of the Kentucky Workmen's Compensation Board dismissing the claim of appellant, Carl Tyree (hereinafter referred to as Tyree).

Tyree raises as errors on this appeal: 1) That the Board erred in finding that Tyree was not an employee, but rather a partner of the Big 3 Coal Company; 2) that the Board erred in finding that Tyree failed to give sufficient notice; and 3) that the Board erred in failing to find that Tyree was not disabled by reason of being afflicted with pneumoconiosis or silicosis.

■ Tyree, Lloyd Brown, and James Lucas were in a partnership d/b/a Big 3 Coal Company. The profit from the operation of the mine was split three ways between them. The other men who worked at the mine were paid on a salary basis. The evidence was to the effect that Brown was in charge of the operation. He owned the equipment and received and paid out the money. Brown had previously owned and operated the Pole Coal Company and Tyree had worked some 12–13 years for Brown d/b/a Pole Coal.

We feel there is substantial evidence of probative value to support the finding of the Board that Tyree was a partner and not an employee of the Big 3 Coal Company. CR 52.01. *Holman Enterprise Tobacco Warehouse v. Carter,* Ky., 536 S.W.2d 461 (1976).

■ As to the notice requirement, KRS 342.316(2)(a) provides in part as follows:

. . . [N]otice of claim shall be given to the employer as soon as practicable after the employee first experiences a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise him that he has contracted such disease, or a diagnosis of such disease is first communicated to him, whichever shall first occur.

Tyree filed his claim application on July 17, 1973. In 1970, he had applied for black lung benefits with the Social Security Administration. In October of 1972, he started to receive benefits, and in November of 1972, he informed Brown that he had pneumoconiosis. However, Tyree also testified that he last worked for the Big 3 Coal Company on July 28, 1971, because he "just got disabled to work" due to his chest and breathing.

In *Yocom v. Karst,* Ky., 528 S.W.2d 697, 699 (1975), the court states that the controlling consideration in a notice of claim issue in an occupational disease case is the time when the claimant sustained disability for which a claim could be asserted.

We feel that Tyree was aware of his condition no later than 1971, when he was no longer able to work. We further find that the notice given was not timely.

■ One of the doctors diagnosed Tyree as suffering from ⁰⁄₁ pneumoconiosis, which in effect says there is no definite pneumoconiosis. He also testified that no disability resulted with this classification. Other doctors testified that Tyree did have that disease and was disabled from it.

The conflicting medical testimony is not so much in Tyree's favor that the Board's finding against him was unreasonable. *Yo-*

*com v. Hamilton,* Ky., 494 S.W.2d 731 (1973).

After reviewing the errors raised by Tyree, we feel that the dismissal of his claim by the Workmen's Compensation Board was proper.

The judgment of the trial court is affirmed.

All concur.